NATHAN HOWARD, Jr., et al., Respondents, *v.* JOHN McDON-OUGH, MARSHAL, etc., et al., Appellants.

In an action to recover for the conversion of a stock of goods, or personal property consisting of many items, a witness who has made a list of all the items and their values, and who is able to testify that all the articles named were taken and were of the values stated, may aid his memory while testifying by such list, and may use it to enable him to state the items ; after he has testified the list may be put in evidence, not as proving anything of itself, but as a detailed statement of the items testified to.

The trial court may in its discretion require the witness to testify to each item separately, or may allow him to testify generally to the items and their values and receive the memorandum as the detailed result of the examination.

(Argued March 27, 1879 ; decided April 8, 1879.)

THIS action was brought to recover for the alleged unlawful taking of the materials and fixtures of a job printing office, which were seized by defendant McDonough as city marshal, under an execution against a third person.

Upon the trial a witness for plaintiff testified that shortly after the seizure he made a list or schedule of the articles which he knew to have been taken and of their values, which he testified he knew ; the articles were very numerous. The witness was allowed under objection and exception to use the list in testifying to the articles and their value, and after he had gone through the list it was offered and received in evidence under objection and exception. *Held*, no error.

The court laid down the rule as to the use of memoranda as follows :

" The law as to the use of memoranda by witnesses while testifying is quite well settled in this State. 1. A witness may, for the purpose of refreshing his memory, use any memorandum, whether made by himself or another, written or printed, and when his memory has thus been refreshed, he must testify to facts of his own knowledge, the memorandum itself not being evidence. 2. When a witness has so far forgotten the facts that he can not recall them, even after looking at a memorandum of them, and he testifies that he once knew them and made a memorandum of them at the time or soon after they transpired, which he intended to make correctly, and which he believes to be correct, such memorandum, in his own handwriting, may be received as evidence of the facts therein contained, although the witness has no present recollection of them. 3. Memoranda may be used in other cases which do not precisely come under either of the foregoing heads. A store of goods is wrongfully seized, and an action is brought to recover for the conversion. There are thousands of items. No witness

could carry in his mind all the items and the values to be attached to them. In such a case, a witness may make a list of all the items and their values, and he may aid his memory while testifying by such list. He must be able to state that all the articles named in the list were seized, and that they were of the values therein stated, and he may use the list to enable him to state the items. After the witness has testified, the memorandum which he has used may be put in evidence, not as proving anything of itself, but as a detailed statement of the items testified to by the witness. The manner in which the memorandum, in such a case, may be used is very much in the discretion of the trial judge. He may require the witness to testify to each item separately, and have his evidence recorded in the minutes of the trial, and then the introduction of the memorandum will not be important; or he may allow the witness to testify quite generally to the items and their values; and receive the memorandum as the detailed result of his examination, leaving to the adverse party a more minute cross-examination. Without the use of a memorandum in such cases, it would be difficult, if not impossible, to conduct a trial involving the examination of a large number of items. (*Driggs* v. *Smith*, 36 N. Y. Superior Ct., 283, affirmed in this court; *McCormick* v. *Penn. Central R. R. Co.*, 49 N. Y., 303.)"

*James Clark* for appellant.

*S. V. R. Cooper* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.