CATHARINE J. WISE, Respondent, *v.* THE PHŒNIX FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

*Court of Appeals, January* 19, 1886.

*Evidence. Refreshing memory.*—The court may, in its discretion, permit a witness to refer to memoranda, proved to be correct both as to items and their values, for the purpose of refreshing his memory, where the items of an account or claim are numerous, and therefore difficult to be retained in the memory.

This action was brought upon a policy of fire insurance covering household furniture.   Plaintiff was a witness in her own behalf to prove the loss, and was allowed, as such witness, to refer to the schedule attached to the proofs of loss, for the purpose of refreshing her memory.

Appeal from a judgment of the general term of the Supreme Court, affirming judgment in favor of plaintiff.

*Chas. A. Fowler*, for appellant.

*Preston & Chipp*, for respondent.

PER CURIAM.—There was no error in permitting the plaintiff, while under examination as a witness, to refer to the schedule attached to the proof of loss, for the purpose of

refreshing her· memory. Howard *v.* McDonough, 77 N. Y. 592. This schedule, which was made up a few days after the fire, was sworn to be correct, both as to items and values, and to be made up from actual knowledge. Where the items are numerous, and therefore difficult to be retained in the memory, the court, in its discretion, may permit a reference to *memoranda* proven to be correct, both as to items and their values. To hold otherwise might make a party's rights dependent upon unusual strength of memory.

The plaintiff was subjected to an examination as to her loss in accordance with the terms of her policy, and the defendant requested a finding that, " at the time of such examination, the defendant had no knowledge that plaintiff had not, during the summer and fall of 1881, put any new furniture in her house," which was refused. The materiality of this request is taken away by the finding that the policy was not issued upon the faith of any representation by plaintiff that she had or intended to put in new furniture, and is further answered by the fact that, before the examination under the policy the defendant's agent was told by her the age and condition of all the items of furniture, and went through, with her, a discussion of the entire list.

The question raised as to the lace curtains, velvet cloak, and lambrequins, was substantially a question of fact.

We find no error in the record. The judgment should be affirmed, with costs.

All concur except MILLER, J., absent.