### BOUGHTON et al. v. SMITH.

(Supreme Court, General Term, First Department. February 17, 1893.)

1. REVIEW ON APPEAL—PREPONDERANCE OF EVIDENCE.
   Where the record does not state that it contains all the evidence, and no appeal is taken from an order denying a motion for a new trial, the general term will not review the question of the preponderance of the evidence.

2. ACTION ON CONTRACT—PROOF OF PERFORMANCE.
   In an action for work done under an express contract, where the evidence shows that the work was not originally done in accordance with the contract, but that plaintiffs, with defendant's permission, undertook to remedy the defects, until finally defendant expressed himself satisfied, it is proper to submit to the jury the question whether plaintiffs substantially performed their contract.

3. SAME—INSTRUCTIONS—APPEAL—PRESUMPTION.
   It is proper to refuse to instruct the jury that, if "the defendant did not perform his contract, then the plaintiffs are not entitled to any compensation;" and it will not be presumed on appeal that in the request, as made, the word "plaintiffs" was written in place of the word "defendant."

4. SAME—ASKING INCONSISTENT INSTRUCTIONS.
   Where defendant asserts in his proposed instructions that plaintiffs cannot recover unless they have substantially performed their contract, he cannot also claim that the jury, even though they conclude that the contract was finally performed, shall be permitted to give defendant credit for disbursements made by him in having the work made to conform to the contract, since the two claims are inconsistent.

5. EVIDENCE—CONTEMPORARY MEMORANDA.
   A memorandum made by a workman from day to day, in the ordinary course of business, and purporting to be a statement of the days on which his employer did not work on a certain building, is admissible in evidence to prove the matters stated therein.

**6. SAME—WAIVER OF OBJECTION.**
> The objection that sufficient foundation has not been laid for the introduction of documentary evidence is waived, unless made when the evidence is offered.

Appeal from special term, New York county.

Action by John W. Boughton and Lorenzo Terwilliger against Millard F. Smith for materials and labor furnished by plaintiffs to defendant. Plaintiffs obtained judgment. Defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOL-LETT, JJ.

H. D. Birdsall, for appellant.

Larned & Warren, (W. P. Knapp, of counsel,) for respondents.

O'BRIEN, J. In 1887 plaintiffs made an agreement with the defendant to make and lay parquette flooring in the latter's house, which was to be of the best material and workmanship, and for which the defendant agreed to pay $1,350. Whether the contract had been performed by plaintiffs was the question litigated upon the trial, which the jury decided in plaintiffs' favor. The principal ground urged upon this appeal is that such verdict was against the weight of evidence. We cannot, however, upon this record, consider any such question. It contains no statement that all the evidence presented upon the trial is now before this court, nor is any appeal taken from any order denying a motion for a new trial. We cannot, therefore, review or determine the question of the preponderance of evidence, or any of the facts. As the record thus stands, it brings up for review only questions of law, and presents for our consideration those questions which arise upon the judgment roll and exceptions.

The first exception is that taken to the refusal, at the close of plaintiffs' case, to dismiss the complaint. This raises the question as to whether there was sufficient evidence presented by plaintiffs to support the verdict. In determining this question, however, it should be noticed that it does not, as already stated, involve a consideration of preponderance of evidence, but only its sufficiency. In other words, unless it appears in the record that there was sufficient evidence given to justify the denial of the motion to dismiss the complaint, then the exception is good. We have examined the testimony presented by the plaintiffs, and although it therefrom appears that, when the work was first done, it was not in accordance with the agreement of the parties, still, upon the defendant's expressing dissatisfaction, the plaintiffs again undertook to supply the deficient material and workmanship with other and better flooring, and continued, with the defendant's permission, removing the objectionable portions, until the defendant himself expressed his satisfaction with the manner in which the work was finally completed. Upon such evidence it was proper for the court to deny the motion to dismiss the complaint; there being sufficient evidence to present the question to the jury as to whether or not the plaintiffs had substantially performed their agreement. It is true that the defendant's evidence, as printed in this record, would show that the defendant took issue with the plaintiffs'

version as to the performance of the contract; but, for the reasons already given, such evidence cannot be considered in disposing of this exception taken to the refusal of the motion to dismiss the complaint. This consideration of the evidence also disposes of another exception to the refusal of the court to charge, as requested by the defendant, "that the evidence in the case is uncontradicted that the plaintiffs have not performed their contract."

. Another request which was refused—and, for the reason of its obscurity, properly so—was "that, if the jury believes that the defendant did not perform his contract, then the plaintiffs are not entitled to any compensation." We cannot assume that the word "plaintiffs," and not "defendant," was in the request as made, or that it was a mistake of the stenographer, because we are bound by the record as it comes before us, and are not permitted to indulge in the presumption that it is erroneous. This last request was followed by another, the language of which contained a similar confusion, and which, no doubt for that reason, was by the court declined. But if we assume that the proposition which the defendant sought to have the court present to the jury was that, in the absence of proof of performance on the plaintiffs' part, no recovery could be had, then the charge to the jury—and, notably, after all the requests were made and passed upon, the final statement of the trial judge—involved this very proposition of law; and just before retiring they were correctly instructed "that, if the plaintiffs substantially performed their contract, they are entitled to the full amount claimed. If they did not so perform it, they are not entitled to anything." Although this involved the proposition which the defendant's counsel seemingly desired to have presented to the jury, an exception was taken to it; and it is now urged that, as there was evidence in the case of the cost of repairing the floors, and putting them in the condition called for by the contract, the jury should have been instructed in such a way as to have permitted them, even though they concluded that the contract was finally performed, to have given the defendant credit for moneys so expended. This position, if contrasted with that apparently assumed by defendant in the requests, is an entirely inconsistent one, because it was sought by the latter to have the jury instructed that there could be no recovery unless full performance had been shown, whereas in the former it was insisted that the jury were to be at liberty to consider some testimony of expenditures made for repairing the floors, as against the amount for which the plaintiffs could obtain a recovery. We think that the trial judge, upon such evidence as it is proper for us to consider, correctly charged the jury that unless a substantial performance was shown the plaintiffs were not entitled to anything, and that, upon satisfying the jury that they had substantially performed, they were then entitled to recover the amount stipulated to be paid under the contract.

. There are some features of the case which no doubt inclined some of the jurors in defendant's favor, as shown by the reluctance with which they reached their verdict, and these are equally apparent to us. It is no doubt a hardship for one who has made a definite contract, which has not been strictly performed within the time limited, to have his pa-

tience and his convenience subjected to a strain by the failure of those with whom he has contracted to perform their work as agreed.    If, however, he submits to such inconvenience, and, though not obliged to, permits the mistakes first made to be subsequently remedied, so that finally there is a question as to whether or not the contract has been substantially performed, there is no redress, under the law as it stands, but to submit the question of fact upon such testimony to the good sense of a jury.    And a conclusion reached, though reluctantly, by a jury, should not, except for prejudicial error, be disturbed, for the reason that it is desirable that disputes should be settled; and where the question between the parties, under a fair and impartial charge, has been submitted to a jury, this court, recognizing the principle that there should be an end to litigation, should not, unless for legal cause, destroy the result of the trial.

The most serious point urged is that presented by the admission of a memorandum or entries in a book made by one of the plaintiffs' workmen, and purporting to be, among other things, a statement of the days upon which plaintiffs did not work upon defendant's premises.    Instead of allowing it, as would have been proper, as a statement of what the witness testified to, it was admitted to prove the facts themselves. This, under the rule of Howard v. McDonough, 77 N. Y. 592, could not be done.    We think, however, that, having been made in the ordinary course of business, from day to day, there was warrant for the admission under the more liberal rule laid down in Mayor, etc., v. Second Ave. R. Co., 102 N. Y. 572, 7 N. E. Rep. 905.    It may be that sufficient foundation had not been laid for this evidence, but this was not urged or taken as the ground of the objection.    In other words, the vice in the admission of such evidence, that no proper foundation had been laid, was not called to the court's attention, nor urged; and, had it been, the court would no doubt have required additional proof, making it competent, before its admission.

Upon a review, therefore, of the questions presented by the judgment roll, and exceptions appearing in the case, we are of opinion that no error of law was committed, sufficient to upset the verdict, and that the judgment appealed from should be affirmed, with costs.    All concur.