VICHOS v. CUTTLER et al.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. JUDGMENT (§ 255*)—EVIDENCE—AMOUNT OF RECOVERY.

In an action on an account, a judgment held erroneous as allowing certain alleged overcharges twice.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 255.*]

2. WITNESSES (§ 255*)—MEMORANDUM—REFRESHING RECOLLECTION.

Since a memorandum cannot be used by a witness to refresh his recollection, unless it has been made by the witness at the time of the transaction or soon afterward, or, if made by another. has been read by the witness within such time and was known by him to be correct at the time he read it, it was error to permit a witness to testify from a paper which he had not prepared and the source and correctness of which was not shown.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Nathan Vichos against Nathan Cuttler and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Max Herzfeld, for appellant.

John M. Zurn (Ralph Underhill, on the brief), for respondents.

BURR, J. Plaintiff brought this action in the Municipal Court to recover for work, labor, and services performed for and materials furnished to the defendants. The pleadings were oral. Upon demand of the defendants a bill of particulars was filed, from which it appeared that between October 10, 1907, and October 29, 1908, plaintiff performed work and furnished the materials necessary to paint and place signs upon certain trucks for the defendants, who were blacksmiths and wagon builders. The reasonable value of such work was said to be $533.25. Plaintiff admitted that the defendants were entitled

to credit for cash paid and materials furnished to him in the sum of $375.35. The balance claimed to be due was $157.90. In the first instance, the answer was a general denial.

Upon the trial the defendants were permitted, without objection, to amend their answer, so as to plead a general denial, payment, and a counterclaim. A bill of particulars of defendants' claim was then filed. From this it appeared that the defendants had paid to the plaintiff cash amounting to $374.60, and had made payments to others for his account amounting to $155.04. These sums amounted in the aggregate to $529.64. Upon the trial there was no dispute that the amount of work done by the plaintiff was correctly stated by him. It was claimed, however, that there were overcharges as to some of the items, which overcharges amounted altogether to $53.85. The trial judge found for the defendants upon this issue. There was also a dispute as to some of the items of cash claimed to have been paid to the plaintiff. The plaintiff claimed that the first three items were payments on account of a previous bill; the defendants, that they were on account of the claim in suit. There was also a dispute as to several of the items of cash which the defendants claimed that they had paid to others on plaintiff's account and at his request. The trial judge found for the defendants upon these issues.

A careful examination of the evidence convinces us that, if the findings on these disputed questions had been in favor of the plaintiff, a fair preponderance of the credible evidence in the case would have sustained such findings. Be that as it may, a manifest error was committed which requires a reversal of this judgment. If we deduct from plaintiff's claim of $533.25 the sum of $53.85, the alleged overcharges, in the absence of credits, there would be due to him $479.40. If we allow to the defendants the entire sum claimed for payments made to the plaintiff, or on his account, viz., $529.64, at the most the defendants could have only had an affirmative judgment against the plaintiff for $50.24. Yet we find a judgment in their favor for $104.09. The mistake probably arose in this way: The bill of particulars filed by the defendants contained, not only the items which go to make up their claim of $529.64, but also the sum of $53.85 for alleged overcharges. The trial judge, after deducting this sum in the first instance from the plaintiff's claim, then allowed to the defendants the entire amount specified in their bill of particulars, including therein the same item of $53.85. Upon the evidence in this case it was hard enough to deduct this sum once from the plaintiff's claim. There was certainly no reason why he should be charged with it twice.

As there must be a new trial, we will not consider all of the rulings upon questions of evidence which it is claimed are erroneous. We will refer to one only, that similar error may be avoided on the new trial. Defendants' bill of particulars contained an item of $32.50 for hire of horses at plaintiff's request to draw some of the wagons which were to be painted from defendants' place of business to the plaintiff's shop. It also contained several small items for purchase of paints at various times. The defendant Max Cuttler, when called as a witness, was unable to testify either as to the time when the horses were hired,

·or ·the materials ·purchased, or the kind of materials, or the price paid for them. He was' then handed a typewritten paper.' He did not pre- ·pare it, was not present when it was prepared, and there is no evidence as to who did prepare it, nor did the witness know that it was 'correct. Under the pretense of refreshing his recollection, he was allowed to read from this paper. This was error. A memorandum, to be used for' such a purpose, must have been made by the witness,' either at the time of the transaction or so soon afterward -that it was then fresh in his memory, or, if made by another person, must have been read by the witness within 'such time and be known- by- him to be correct at the ·time that he read it. Stephen's Digest of Evidence (Beer's Ed.) 461.

The· judgment of the Municipal Court must be reversed, and a new ·trial ordered; 'costs to abide the event. · All concur.