GLASSHEIM et al. v. BLUMENSTEIL.

(Supreme Court, Appellate Term. December 22, 1911.)

1. WITNESSES (§ 258*)—EXAMINATION—REFRESHING RECOLLECTION.

A witness may not read from the contents of a paper, which he uses ostensibly to refresh his recollection, instead of testifying from memory, in the absence of proof rendering the paper admissible in evidence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 893, 895, 896; Dec. Dig. § 258.*]

2. WITNESSES (§ 258*)—OBJECTIONS TO EXAMINATION—WAIVER.

Where, before a witness began his testimony defendant conceded that the witness would testify in accordance with the items of a bill of particulars and the reasonable value of the various items as stated in the bill, such concession was not a waiver of a prior objection to the witness testifying from a memorandum used ostensibly to refresh his memory, and not from memory after it was refreshed by reference to the memorandum.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 258.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Morris Glassheim and others against Emanuel Blumensteil. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Blumensteil & Blumensteil (Milton M. Blumenthal, of counsel), for appellant.

George Murray Hulbert, for respondents.

PER CURIAM. [1] One of the plaintiffs was permitted to testify from a paper which he said refreshed his recollection as to the work done. The defendant's counsel objected, on the ground that the witness was about to testify from the paper before him, and not from memory. His evidence, as it appears in the record, shows that he merely read off the contents of that paper. This was error. Vichos v. Cuttler, 133 App. Div. 230, 117 N. Y. Supp. 366. It was not shown who prepared the paper; but, whether it was made by the witness or another, he must testify to the facts of his own recollection, unless he gives the testimony necessary to render the paper itself ad-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missible as evidence (Howard v. McDonough, 77 N. Y. 592), which he did not do in this case.

[2] It is true that, before the witness began his testimony as to the parts of the work about which there was any dispute, the defendant conceded that the witness will testify in accordance with the items of the bill of particulars and to the reasonable value of the various items as stated in the bill of particulars. This concession was accepted, and the witness was not examined further by the plaintiff as to those items. Ordinarily it might well be urged that this concession prevents the defendant from urging on appeal that the testimony was not competent. In this case, however, the defendant had raised his objection earlier, and showed that he intended to rely upon his exception. The witness had shown his inability to testify from his own memory as to the items of the work, and the concession did not waive this objection. The witness could, under the rulings of the trial justice, have given this testimony, and the defendant merely waived the actual putting of each question, but not the objections and exceptions previously taken.

Moreover, the bill of particulars fails to state the "reasonable value" of the various items. It merely states the items of work. The case is barren of any other testimony that supplies this deficiency. No intelligent determination of the correctness and justice of the decision can be made upon the record before us.

Judgment is therefore reversed, and a new trial ordered, with costs to appellant to abide the event.