■ COLUMBIA CORRUGATED CONTAINER CORPORATION, Respondent-Appellant, v. SKYWAY CONTAINER CORPORATION, Appellant-Respondent.— In this action brought by a lessor against a lessee to recover on three causes of action, viz., (1) counsel fees for services rendered in prior litigation between the parties, (2) additional rent allegedly due under the lease and (3) additional counsel fees, as rent under the lease, for services rendered in the instant litigation, (a) defendant appeals from so much of an order of the Supreme Court, Nassau County, entered November 18, 1970, as granted plaintiff summary judgment on the first cause of action and (b) plaintiff cross-appeals, as limited by its brief, from so much of the same order as granted defendant summary judgment on the third cause of action. Order reversed insofar as appealed from by defendant, and plaintiff's motion for summary judgment on the first cause of action denied; and order affirmed insofar as it granted defendant summary judgment on the third cause of action; with $10 costs and disbursements to defendant. The facts are not in dispute. Briefly, they show the parties entered into a sublease agreement in December, 1960 which provided for additional rent in the event of an increase in taxes. In February, 1965 plaintiff billed defendant for $13,711.92 as additional rent due to increased taxes, but defendant refused to pay. In March, 1965 the lessee sought a declaratory judgment with respect to its liability for such taxes and the lessor counterclaimed for the $13,711.92. The lessor made no claim for counsel fees, although paragraph 40 of the sublease provided in pertinent part: " In the event that it shall become necessary for landlord to enforce any provisions of this agreement or for the collection of rent or additional rent, then  *  *  * landlord shall be entitled as further additional rent all necessary disbursements including reasonable counsel fees required for the institution or maintenance of such actions or proceedings *  *  * which shall be paid on or before the next installment of rent thereafter to become due." Judgment was entered in favor of the lessor for the full amount of its counterclaim, which judgment was fully satisfied after its affirm-

ance on appeal. In August, 1967 the sublease terminated and the lessee vacated the premises, leaving behind $5,500 which had been deposited as security. In March, 1968, the lessee sent the lessor a check for $374.25 and stated that that amount, plus the security deposit of $5,500, was tendered in full payment of the $5,874.25 bill rendered by the lessor to the lessee on February 1, 1968 as additional rent for increased taxes. The lessor rejected the tender. Thereafter, on August 21, 1969, the lessor paid its attorney $4,000 for legal services in connection with the 1965 litigation and demanded reimbursement from the lessee. The lessee refused. On August 25, 1969 the lessor again demanded the $5,874.25 as additional rent, plus interest from February 1, 1968, and on September 11, 1969 instituted the present action to recover (1) the $4,000 counsel fee, (2) additional rent of $6,412.71, plus interest from August 25, 1969, and (3) a counsel fee as additional rent for bringing this action. Special Term found that defendant was entitled to use the security deposit as an offset against the $5,874.25 in additional rent due on February 1, 1968 and that, therefore, since the check for $374.25 plus the deposit constituted full payment and the tender should not have been refused, plaintiff was not entitled to interest thereafter. Plaintiff was granted summary judgment on the second cause of action for $374.25, without interest. That amount has been paid and plaintiff's appeal as to the second cause of action has been withdrawn. The key issue surrounding the first cause of action is whether plaintiff's failure to claim attorney's fees in the prior litigation bars a claim for those fees now. We think it does. Looking at the language of paragraph 40 of the sublease, we are of the view that plaintiff had the right to demand and recover reasonable counsel fees in the 1965 declaratory judgment action brought by the lessee. Such fees, as fixed by the court, were to be " additional rent  *  *  *  which shall be paid on or before the next installment of rent thereafter to become due." In other words, the amount became due at that time and should have been asserted in the counterclaim. Instead, plaintiff waited almost three years after the prior judgment was satisfied and two years after defendant vacated the premises before paying the fee and bringing this action. This constituted a splitting of its cause of action and bars recovery now (see *Roe* v. *Smyth,* 278 N. Y. 364; *Midland Bank* v. *Zuckerman,* 29 A D 2d 554; *Haviland & Co.* v. *Sphinx Import Co.,* 55 Misc 2d 448). This is *not* a situation, as in *379 Madison Ave.* v. *Stuyvesant Co.* (242 App. Div. 567), where the covenant of the lease was found to be one to " reimburse " (p. 569) the landlord for the expense of attorney's fees incurred in litigation with the tenant. That covenant, since it was in the nature of a contract of indemnity, required the expenditures to be paid before the landlord could seek recovery. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.