■ Eleanor Nesbitt, Respondent-Appellant, v New York City Concilia-tion and Appeals Board et al., Appellants-Respondents. Barbara H. Eaton, Respondent-Appellant, v New York City Conciliation and Appeals Board et al., Appellants-Respondents. — Judgments, in these companion article 78 proceedings, Supreme Court, New York County (Bernheim, J.), entered January 30, 1981, from which the Conciliation and Appeals Board (CAB) and the

landlord, St. John's in the Village, appeal the grant of the petitions and the overruling of the CAB's determination that the apartments in question are exempt from regulation and the Rent Stabilization Law by virtue of the ownership of the properties by a religious institution operated exclusively for charitable purposes on a nonprofit basis, and from which the tenants Nesbitt and Eaton cross-appeal the denial of their application for the award of reasonable attorneys' fees and expenses to be paid by the landlord, unanimously modified, on the law, without costs or disbursements, to reverse the judgments insofar as they annulled the CAB's determination, and to confirm the determinations and dismiss the petitions and, as so modified, the judgments are otherwise affirmed. The landlord, operating St. John's Episcopal Church, also owns and operates 60 residential apartments, two of which are occupied by the petitioners. When each tenant commenced occupancy her apartment had become vacancy decontrolled (see L 1971, ch 371). Upon the expiration of the term of each tenant's lease, renewal was granted upon increased rental. After successive renewals and increases, the tenants complained to the CAB of being charged rents in excess of those permitted by the Emergency Tenant Protection Act of Nineteen Seventy-Four (L 1974, ch 576, § 4). In response, the landlord claimed the benefit of section 5 (subd a, par [6]) of that act excluding from its application "housing accommodations owned or operated by a hospital, convent, monastery, asylum, public institution, or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a non-profit basis". The CAB upheld the landlord's contention. Special Term annulled the determination, holding: "[§ 5, subd a, par (6)] conspicuously omits the listing of 'religious corporations'. The intent of the Legislature appears to provide exceptions to the rent stabilizaton laws for charitable or educational institutions. The court notes that the section in question specifies 'monastery or convent'. If the Legislature intended the section to apply to religious organizations, would it not have omitted 'monastery' and 'convent' and instead provided specifically an exception for any religious institution. Furthermore, no binding precedent exists for respondent's position". Special Term also sensed "serious constitutional issues" arising from the CAB's interpretation of the statutory exclusion. (See NYLJ, Oct. 2, 1980, p 5, col 3.) We apprehend no constitutional infirmity. In support of their contention that the statutory exclusion violates the establishment clause, the tenants cite *Walz v Tax Comm.* (397 US 664). It holds the opposite, that New York's exemption of religious institutions from real property taxes is not violative of the establishment clause, in recognition that such an exemption serves to avoid excessive government entanglement with religion. It is more persuasive that the imposition of restraints on the normal landlord-tenant relationship would be unconstitutional in the absence of a declared emergency, and that imposed restraints should not exceed the perceived needs that require them. Were Special Term's analysis to prevail and exemptions from rent stabilization granted to monasteries and convents but not to religious institutions generally, a telling argument could be made of discrimination and State support for particular religions to the exclusion of others. The CAB could, with reason, find that the Legislature had no intention to invite such a dispute. There are binding precedents which recognize a degree of interchangeability between the terms "religious" and "charitable" (see *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350, 359; *Matter of Huntington,* 168 NY 399, 406). In *Matter of Cornerstone Baptist Church v Rent Stabilization Assoc.* (55 AD2d 952), the Appellate Division, Second Department, has held that, if church-owned apartments were vacancy decontrolled, they would be subject to the exclusion provided in the Emergency

Tenant Protection Act. Given these holdings, the language of the statute, St. John's being operated exclusively for charitable purposes on a nonprofit basis, and a desire to avoid possible unconstitutionality, the CAB had a solid basis in reason for its determination. The court should grant deference to it (*Matter of Albano v Kirby,* 36 NY2d 526, 532). The claim for attorneys' fees, made under section 234 of the Real Property Law was properly denied. The landlord's refusal to offer these tenants renewal leases on rent stabilized terms was not a failure to perform a convenant or agreement as is requisite to application of the statute. Concur — Murphy, P. J., Kupferman, Sullivan, Markewich and Lynch, JJ.