OPINION OF THE COURT
David B. Saxe, J.
May a tenant recover attorneys’ fees after successfully defending a summary proceeding commenced to evict her at the conclusion of her lease?
The answer to this inquiry depends upon an interpretation of section 234 of the Real Property Law, which provided in pertinent part: “Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease * * * there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant * * * in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease”.
The lease in issue contains a clause under which the landlord, if successful, could claim an entitlement to an award of attorneys’ fees. Under section 234 of the Real Property Law, where the lease contains an attorneys’ fee clause, as here, the law entitles a tenant to recover attorneys’ fees where the proceeding is resolved in the tenant’s *983 favor. (See N.V. Madison, Inc. v Saurwein, 103 Misc 2d 996).
The landlord contends that an award of legal fees is inappropriate here where the holdover summary proceeding was not commenced on the basis that the respondent defaulted under the terms of the lease but instead, on the ground that the respondent failed to vacate the premises after the expiration of the lease term. In short, the landlord claims that although the tenant was successful at trial, the proceeding did not arise out of the lease and consequently attorneys’ fees may not be awarded.
The logical extension of the landlord’s argument is that a tenant who successfully defended a nuisance action could recover attorneys’ fees while tenant who won an eviction action commenced at the end of the term, based on holding over, could not.
Paragraph 21 of the lease provides that the tenant, at the end of the lease term, must quit and surrender the premises to the landlord and further provides that this obligation shall survive the expiration or other termination of the lease. Since it was the tenant’s alleged breach of this express covenant in the lease that precipitated this summary proceeding, this proceeding clearly arose out of the lease. Under these circumstances, section 234 of the Real Property Law is applicable and the respondent, having successfully defended this proceeding, is entitled to an award for attorneys’ fees. (207-17 West 25th St. Co. v BluStrike Safety Razor Black Co., 302 NY 624.)
Even if this covenant to surrender possession was not explicitly stated in the lease, nor held to be implicitly provided for therein, a statutory construction as urged by the landlord would not further the object and spirit of section 234 of the Real Property Law which seeks to make attorneys’ fees as available to successful tenants as to landlords. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96.) The language employed in a statute should be given a reasonable and sensible construction to carry out, if possible, the intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.) The reasonable and sensible construction is to hold the successful defense *984 in a summary proceeding to evict at the conclusion of a lease should fall under the protective statutory scheme of section 234 of the Real Property Law in the same manner as the successful defense of any summary action arising out of the lease. A contrary result would not advance the remedy of providing attorneys’ fees, where appropriate, in summary proceedings. The tenant is therefore entitled to an award of legal fees. A hearing nevertheless must be held to determine that precise amount of that award.