OPINION OF THE COURT
Edward J. Greenfield, J.
Petitioners Nesbitt and Eaton and intervenor Tenants’ Association move for an assessment of the reasonable value of their counsel fees in this article 78 proceeding.
Petitioners were rent-stabilized tenants in premises owned and operated by respondent St. John’s in the Village (St. John’s) a religious institution. In 1979, St. John’s informed petitioners that their apartments were not subject to rent stabilization since it was exempt under section 5 (subd a, par [6]) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4). When St. John’s insisted that its tenants, including petitioners, enter into new leases at rents higher than those permitted by rent stabilization, petitioners filed separate complaints with the New York City Conciliation and Appeals Board (CAB).
By decision dated March 27, 1980, the CAB upheld St. John’s position and dismissed the complaint. Petitioners thereupon commenced this article 78 proceeding to annul the CAB determination. By order dated December 18, 1980, Mme. Justice Peggy Bernheim of this court granted the petitions and annulled the CAB determinations (see Eaton v New York City Conciliation & Appeals Bd., NYLJ, Oct. 2,1980, p 5, col 3). Respondents appealed and petitioners cross-appealed the denial of counsel fees to the Appellate Division. The appeals were consolidated and the Appellate Division (Nesbitt v New York City Conciliation & Appeals Bd., 85 AD2d 581) unanimously modified to the extent of reversing the judgments insofar as they annulled the CAB’s determination. On further appeal, on June 17, 1982, the Court of Appeals (56 NY2d 340, 346) unanimously reversed the Appellate Division, reinstating Justice Bernheim’s order annulling the CAB determination. The court remitted the issue involving petitioners’ claim for attorneys’ fees “for further consideration as to whether the landlord’s refusal to offer renewal leases in rent-stabilized terms constituted a failure to perform a covenant or agreement as it is requisite to the application of section 234 of the Real Property Law.”
*338 Petitioners argue upon this motion that since their standard form leases contained provision for the payment by the tenant to the landlord of counsel fees and expenses upon a default by the tenant of a covenant of the lease, then under section 234 of the Real Property Law, they may collect their counsel fees and expenses upon this action.
Section 234 of the Real Property Law in pertinent part provides: “Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease”.
Defendant first argues, and this court agrees, that in accordance with the order and remittitur of the Court of Appeals, the only parties who have standing to pursue a claim for counsel fees are petitioners Nesbitt and Eaton; the intervenor Tenants’ Association is not a proper party in the present proceeding. Moreover, it is apparent that section 234 of the Real Property Law is not applicable to the intervenor. The clear, intent of the Legislature in promulgating section 234 was to create an equality in one aspect of the landlord-tenant relationship (McMahon v Schwartz, 109 Misc 2d 80, 82). Here there was no such relationship between defendant St. John’s and the intervenor.
Defendant’s next contention, that where, as here, the tenant is the proponent of the action or proceeding, the tenant may not obtain counsel fees, is without merit. The statute provides for payment by the landlord to the tenant for counsel fees and expenses “as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease”.
*339 Defendant also argues that the refusal of the landlord to offer rent-stabilized renewal leases is not a failure to perform a covenant or agreement under the lease (Duane Thomas Loft Tenants Assn. v Sylvan Lawrence Co., 117 Misc 2d 360, 369-370). In Duane Thomas (supra), plaintiffs occupied as residential tenants a commercial loft building under commercial leases. Plaintiffs’ residential occupancy was open and notorious and they brought action for declaratory and injunctive relief seeking declaration that the building was a de facto multiple dwelling for which rent-stabilized leases would have to be offered in the first instance. Unlike Duane Thomas, in this case rent-stabilized renewal leases had been offered until 1979 when defendant landlord for the first time took the position that it was exempt from the Rent Stabilization. Law (Administrative Code of City of New York, § YY51-1.0 et seq.). While the court (Kassal, J.) in Duane Thomas found after trial that the building was a de facto multiple dwelling, it concluded that under the circumstances of that case, the failure to offer rent-stabilized renewal leases was not a breach of a covenant under the lease. This court concurs in Justice Kassal’s determination in Duane Thomas, but believes that the decision should be limited to the facts there presented.
The Code of the Rent Stabilization Association of New York City, Inc. (NYC/RSC) provides at section 60 that “[e]very owner shall notify the tenant in occupancy * * * prior to the end of the tenant’s lease term * * * of such termination and offer to renew the lease at the stabilization rent permitted”. Under the NYC/RSC a landlord member of the association is bound by the code provisions. These provisions are uniformly interpreted to be binding and thus form an implied covenant of the lease (Dolman v United States Trust Co., 2 NY2d 110, 116; Matter of Chessin v New York City Conciliation & Appeals Bd., 116 Misc 2d 1003; Filner v Shapiro, 633 F2d 139, 143; see, also, Black’s Law Dictionary [3d ed], pp 469-470; Tenant Protection Regs of Emergency Tenant Protection Act of 1974, § 11 [L 1974, ch 576, § 4, as amd L 1976, ch 486; L 1977, ch 203]).
The final issue upon this motion is whether petitioners should obtain counsel fees under section 234 of the Real *340 Property Law. Respondent argues that in Duane Thomas (117 Misc 2d 360, supra), the court exercised its discretion to deny counsel fees using a standard of good faith. The court there stated (p 369) that there was a “real dispute” between the parties and found after trial that both parties had proceeded in “good faith” in their dealings with each other. Respondent points to the fact that this case represented a real controversy (5 of the 13 Judges who considered the question found in its favor) and that it acted in good faith — at one point even tendering back to petitioners rent collected that was in excess of the rent-stabilized rent.
This court does not believe that a good-faith standard is applicable and to the extent that Duane Thomas (supra) holds to the contrary, this court respectfully disagrees. The phrase “[w]henever a lease of residential property shall provide that in any action * * * the landlord may recover attorneys’ fees” (emphasis supplied) as used in section 234 of the Real Property Law must be read as “whenever a lease of residential property shall provide that in any action * * * the landlord * * * [shall have the right to] recover attorneys’ fees.” Thus, the statute would provide the reciprocity intended — that where a landlord has the right to recover the tenant shall have an equal right. “We recognize the traditional authority of the courts to supervise the charging of fees for legal services under the court’s inherent and statutory power to regulate the practice of law (Matter of First Nat. Bank v Brower, 42 NY2d 471,474; see Gair v Peck, 6 NY2d 97)” (Matter of Male Infant B., 96 AD2d 1055). However, where, as here, statutory authority exists for the granting of fees, such fees should be awarded. A court should invoke its discretion to deny fees not in circumstances where good faith is demonstrated on the part of the losing party, but rather where bad faith is established on the part of the successful party or where unfairness is manifest. It would appear to be a better procedure to consider good faith and the totality of circumstances in assessing the reasonable value of the successful parties’ counsel fees (see, e.g., Elkins v Cinera Realty, 61 AD2d 828).
Accordingly, the motion for an assessment is granted. In order to expedite the trial of the reasonable value of *341 petitioners’ fees and expenses, petitioners are directed to serve respondent an itemized statement of its fees and expenses (see, e.g., CPLR 3016, subd [f]). Respondent shall within 20 days thereafter serve its answer specifically admitting or denying each item. Petitioners may thereafter file a note of issue.