OPINION OF THE COURT
Harold Tompkins, J.
The principal issue presented after a hearing on the amount of attorneys’ fees to be awarded to respondents for the successful defense of these nonpayment proceedings is whether fees billed to the Sovereign Tenants Committee (STC) are recoverable from petitioner. The court finds that these fees are recoverable from petitioner and awards respondents’ attorneys’ fees pursuant to section 234 of the Real Property Law in the amount of $44,641.90.
These proceedings were brought after the petitioner took steps to remedy conditions which in 1980 were found to entitle respondents and other tenants at the Sovereign Apartments to a 5% rent abatement. Petitioner contended that the conditions had been corrected and notified the tenants withholding 5% of their rent that they should *400 commence paying the full rent. When the respondents refused to do so the instant proceedings were commenced.
On January 20, 1983 this court held that the conditions had not been corrected by the petitioner. (Sommer v Hyman, NYLJ, Feb. 9, 1983, p 12, col 1.) The trial lasted 13 days with over 1,600 pages of testimony. The 5% rent abatement was continued and respondents were awarded attorneys’ fees in an amount to be determined at an evidentiary hearing.[1]
At the hearing respondents demonstrated that 307.9 hours of Peter S. Herman’s time were expended in connection with the defense of the proceedings. Mr. Herman was trial counsel for the respondents’ attorneys of record, Feinberg & Herman. During the period this proceeding was pending Mr. Herman’s billing rate was increased from $120 per hour in 1981 to $125 per hour during 1982. Six hours of associates’ time were expended in defense of the proceedings at $50 per hour. Disbursements of $1,626.65 and an expert witness fee of $2,010 are also sought.
Respondents also seek recovery of fees for the time spent in efforts to obtain the attorney fee award, 22.3 hours of Mr. Herman’s time at $125 per hour and 1 hour of associate time at $75 per hour. Disbursements were $57.25 for the preparation for and litigation of the fee application.
Thus the total fees sought represent 330.2 hours of Mr. Herman at $120 and $125 per hour and 7 hours of associates’ time at $50 and $75 per hour along with disbursements of $3,693.30 and an expert witness fee of $2,010. The request totals $45,891.90.
Petitioner challenges the fee application on two principal grounds. First, petitioner contends that any fees billed to the STC are not recoverable since the tenants’ committee was not a party to the proceedings. Petitioner would have the court limit the award to $676.25 in fees since respondent Hart was only billed in this amount. Respondent Hyman was not billed. The remaining $42,290 was *401 billed to the STC which had agreed to finance the defense of the Hart and Hyman proceedings. Secondly, petitioner challenges the reasonableness of the hours expended and the hourly rate charged as not being consistent with the nature of a summary proceeding in this court.
Petitioner also argues that fees for the preparation for and attendance at the fee hearing are not recoverable and that work done on issues that respondents did not prevail on are also not recoverable.
The relevant factors in the determination of the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel and the results achieved (Jordan v Freeman, 40 AD2d 656; Matter of Rahmey v Blum, 95 AD2d 294).
The court finds that the amount of time spent on these proceedings was reasonable. Furthermore the court finds that the hourly rates of $120 and $125 per hour for Mr. Herman’s time and $50 and $75 for associate time reasonable. The court credits the expert testimony adduced which supported the reasonableness of the hourly rates charged.
In view of the nature of the issues involved here, which required counsel to master complex engineering principles to adequately deal with the testing and performance of the safety devices installed on the building’s windows and the functioning of the ventilation system, the court finds that counsel actually spent the time as reflected in the time sheet introduced in evidence and that this time was necessary for the successful defense of the proceedings. The result achieved, the rebuttal of the presumption of no breach of warranty of habitability created by the aspects of the Department of Buildings approval, supports this conclusion. Thus the time spent was reasonable.
In Matter of Rahmey v Blum (95 AD2d 294, 300, 301, supra), where the issue was the award of attorneys’ fees under section 1988 of title 42 of the United States Code, the court stated that after the reasonableness of the time spent had been determined, utilizing the Judge’s own knowledge, experience and expertise as to the time required to complete similar tasks, the court should then determine a reasonable hourly charge for the services rendered. This *402 figure should be based upon the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation.
Here the court is satisfied that $120 and $125 per hour is reasonable for the services of respondents’ counsel when taking into consideration the above factors.
The next step is to calculate the “Lodestar” fee which is simply the hours reasonably expended multiplied by the reasonable hourly rate determined above. This figure provides “an objective basis on which to make an initial estimate of the value of a lawyer’s services” (Matter of Rahmey v Blum, supra, at p 303). In the case at bar since the court has determined that the hours spent by respondents’ counsel and the hourly rates charged are documented and reasonable, the Lodestar figure would be the same as the amount respondents have requested or $45,891.90.
This figure may be augmented or reduced by the court after considering such factors as the result achieved and the difficulty of the questions presented. The result achieved here goes far beyond the 5% savings to the two tenant respondents. Since the windows and vents are the same in each apartment the judgment in the instant case is res judicata as to the conditions in other apartments and indeed this court has given the finding preclusive effect in a subsequent proceeding (Sommer v Rosenberg, Civ Ct of City of NY, NY County, index No. 45503/83). Thus the result achieved is substantial. Moreover, the issues presented were complex in that a considerable amount of expert testimony by both sides was adduced at trial. In sum, the facts of this case do not support a reduction in the Lodestar figure and were it not for the low prevailing fee charges in the landlord-tenant field, this court would have been justified in awarding a higher amount by reason of the expertise and preparation of respondents’ counsel. The Lodestar figure of $45,891.90 will, however, be reduced by $1,250 which represents 10 hours spent on litigating conditions existing in respondents’ apartments which the court found did not rise to the level necessary to support a finding of breach of the implied warranty of habitability.
*403 Petitioner’s contention that respondents have no right to recover fees billed to the STC is without merit. It is clear that these proceedings were viewed as a test case for a large number of tenants in the building and indeed petitioner recognized this fact when in 1981 she stipulated not to commence any proceedings against other tenants withholding 5% of their rent pending the outcome of the instant proceedings. Secondly, there was testimony that respondents are obligated to pay the fee in the full amount. That the STC has agreed with respondents to pay their bill is irrelevant to the issue of petitioner’s liability to respondents for attorney fees. Section 234 of the Real Property Law speaks in terms of fees “incurred” and it is clear that respondents have incurred legal fees in the amount of $45,891.90. That the STC received bills directly due to their agreement to underwrite respondents’ obligation to pay counsel fees does not preclude the award of fees in the full amount.
To construe section 234 of the Real Property Law to mean that a prevailing party is only entitled to those funds which the party has actually been billed directly for would be contrary to the purpose of the law to redress a then existing inequality between landlords and tenants in the residential real estate market. To deny this application for attorneys’ fees and require individual tenant respondents and the STC to finance litigation of this nature on their own simply because a group of tenants similarly situated have agreed to finance the defense of these proceedings would be inequitable and contrary to section 234 of the Real Property Law.
The court is cognizant of a recent decision, Nesbitt v New York City Conciliation & Appeals Bd. (121 Misc 2d 336), where the court denied a request by an intervener tenants’ association for recovery of legal fees under section 234 of the Real Property Law. There the two named petitioner tenants commenced a CPLR article 78 proceeding to annul a CAB determination and the tenants’ association thereafter intervened in the proceeding. The court denied their independent request for fees holding that the only parties that had standing to pursue a claim for fees were the two petitioner tenants (Nesbitt, supra, at p 338). The court *404 added that no landlord-tenant relationship existed between the landlord and the tenant association.
This holding is distinguishable on a number of grounds. First, in Nesbitt, the individual tenants commenced the proceeding whereas here the respondents are defending nonpayment proceedings where the issues involved are common to the other tenants. Secondly, and more importantly, here the STC is not a party and is making no direct application for recovery of its legal fees as was the case in Nesbitt. The respondent tenants seek recovery of their fees which would have been provided by the STC had they been unsuccessful in their defense of these proceedings.[2]
The Nesbitt holding does not require the court to limit the award here only to the amount of fees actually billed to respondents.
Finally, petitioner’s contention that respondents may not recover for work performed in preparing and obtaining the fee award is without merit. (Matter of Rahmey v Blum, 95 AD2d 294, 301, supra.)
Accordingly, the respondents are awarded counsel fees in the amount of $38,938.60 plus disbursements and expert fees in the amount of $5,703.30. As the obligation en-grafted on leases by section 234 of the Real Property Law is contractual and the services were performed over a period of time, interest is awarded from a reasonable intermediate date, January 20,1983, the date of the court’s decision. (CPLR 5001, subd [b].)

. Following the hearings on attorneys’ fees which concluded on Feb. 28, 1983, the attorneys requested to submit briefs. Thereafter, a substitution of attorneys for the petitioner was made. The court granted the new attorneys’ request to have the entire record from the underlying trial transcribed prior to the preparation of the brief over the objection of respondents’ counsel.

. Petitioner in an attempt to demonstrate that the STC was the client here and not respondents quoted language from Mr. Herman’s testimony and inserted in brackets language not found in the testimony to the effect that Mr. Herman admitted STC was the client here and had retained his firm. The court rejects this contention and agrees with respondent’s counsel’s position that he was acting as attorney for the individual tenant respondents who were his clients and who had an obligation to pay his fees but that in view of the substantial expense involved STC had agreed to underwrite this obligation.