OPINION OF THE COURT
Sam Eisenberg, J.
In these nonpayment proceedings, the tenants admit that they owe rent to the landlord for the months of December 1983 through May 1984, at the rate of $398.33 per month for an aggregate liability of $2,358.12, and the petition has been amended, by consent, to make such claim. The tenants seek an offset, however, claiming a breach by the landlord of the warranty of habitability. The court is satisfied from the testimony that, indeed, there were conditions within the premises which required repairs and which breached the warranty of habitability.
The court rejects the response and claim of the landlord that it failed to make the repairs, only because it was denied access to the tenants’ apartment to make the repairs. Upon the testimony presented, the court finds that the landlord did have opportunities to make the repairs and that it did not exercise the reasonable degree of diligence which the serious conditions demanded in order to make the requisite repairs. An award of $300 is therefore granted to the tenants on their counterclaim for the breach of warranty of habitability which may be offset against the rent admitted to be owing.
*1007 As a part of their counterclaim, the tenants also seek the recovery of legal fees. Their claim for legal fees poses a unique question. The attorney for the tenants is their father and father-in-law. The attorney for the tenants testified as to his experience as an attorney; as to the number of hours spent in this matter; as to his customary fees, and as to the fact that he had advised his daughter and son-in-law, the tenants herein, that he did not expect them to pay any fees to him but would look to recovery of the legal fees from the landlord.
Legal fees may be recovered by a successful tenant in a summary proceeding either by the express contractual arrangement set forth in the lease or under the implied authority of Real Property Law § 234.
There are two concepts which support the recovery of legal fees in a summary proceeding. Where the lease provides that the successful party is entitled to be reimbursed for legal expenses incurred by him in the prosecution of a claim or counterclaim or a defense thereto, the successful party may seek to recover the legal expenses incurred; but only after the fees and related expenses have been paid. This concept views the obligation to pay the legal fees as a contract of indemnity whereunder the party who has incurred and paid the legal fees is entitled to reimbursement. (379 Madison Ave. v Stuyvesant Co., 242 App Div 567, affd 268 NY 576.) On the other hand, where the lease provides, simply, that the successful party has the right to collect reasonable fees and expenses incurred, then the party seeking the legal fees may make demand therefor as soon after the obligation for the fees is incurred, whether or not payment of the fees has been made; and such legal fees may be recovered in the underlying summary proceedings. (Columbia Corrugated Container Corp. v Skyway Container Corp., 37 AD2d 845.)
In this case, the obligations of the parties with respect to payment of legal fees are expressly set forth in paragraph 20 of the lease between the parties. Paragraph 20-A indicates the owner’s right to recover legal fees and paragraph 20-B sets forth the tenant’s complementary right. The owner’s rights against the tenant are expressed as follows: “You must reimburse Owner for any of the following fees and expenses incurred by Owner: (5) Any legal fees and disbursements for legal actions or proceedings brought by Owner against You because of a lease default by You or for defending lawsuits brought against Owner because of your actions.” With respect to the tenant’s rights, the lease provides as follows: “Owner agrees that * * * you have the right to collect reasonable legal fees and expenses incurred in a *1008 successful defense by you of a lawsuit brought by Owner against you or brought by you against Owner to the extent provided by Real Property Law, Section 234.” It is to be noted that the landlord’s right to recover legal fees is couched in the form of an indemnity agreement whereunder the tenant is to reimburse the landlord for legal fees and expenses incurred by him as enunciated in 379 Madison Ave. v Stuyvesant Co. (supra). However, the tenant’s right to legal fees conforms to the concept of Columbia Corrugated (supra), which permits the tenant to assert the claim as soon as the fees have been incurred, whether or not payment has been made, and within the same summary proceedings.
The question arises, however, as to whether the tenants have incurred any legal expenses since their father and father-in-law has agreed that he has no intention of charging them for his legal services but will look only to the landlord for the payment of his fees. The determination of this issue hinges, primarily, upon the word “incurred” contained in the lease between the parties. An obligation to pay legal fees is incurred as soon as the client retains the attorney and even before the precise contractual arrangement for payment is made between them and not when payment is actually made. Black’s Law Dictionary (5th ed, p 691) defines the word “incur” as, “To have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively.” As soon as the tenants consulted their father and father-in-law, as an attorney, an obligation for legal fees was cast upon them, and that liability was not negated by the subsequent contingency arrangement for payment.
The decision of Rubin v Empire Mut. Ins. Co. (25 NY2d 426) is helpful in the resolution of the novel question presented herein. In that case, the plaintiff sought the recovery under an automobile liability policy of “ ‘all reasonable expenses incurred * * * for necessary medical * * * services’ ” (p 428). Plaintiff did not actually pay for these medical expenses, since they were covered by a workers’ compensation policy. Nevertheless, the court therein determined that the medical expenses were “incurred” as soon as they could have been charged and that the plaintiff had, therefore, incurred these expenses and was entitled to their recovery. Additionally, the liability is deemed to have been incurred as soon as the person who will perform the services has been retained, without regard to when the services will be performed. (Whittle v Government Employees Ins. Co., 51 Misc 2d 498; Farr v Travelers Indem. Co., 84 Misc 2d 189.)
*1009 Similarly, in this case, though the tenants were not actually to be called upon to pay the legal fees, and though the services were yet to be performed, they did incur the liability for the fees; and the opposing party is not to be excused of liability simply because a contingency arrangement was made for payment of the fees.
In Morningside Studios v Lucille Hotel Corp. (70 Misc 2d 760), a tenant in a summary proceeding was called upon to pay legal fees to the successful landlord under language in the lease which clearly created a contract of indemnity, despite the fact that the landlord’s attorney stated that he did not “expect to look to the landlord for payment” (p 763). The obligation of the losing party to pay legal fees must apply equally or with even greater force where the lease creates a liability therefor or as soon as the fees are incurred. To hold otherwise would deny to the parties the right to enter into a contingency arrangement for the payment of their legal expenses. And, contingency arrangements for the payment of legal fees are valid and enforceable. (Gair v Peck, 6 NY2d 97; 7 NY Jur 2d, Attorneys at Law, § 137.)
Though there will be a partial judgment for rent due to the landlord, the tenants, having interposed a successful counterclaim, an award of attorney’s fees will be made to them. Notwithstanding the contractual arrangement between the parties or their rights under Real Property Law § 234, the amount of legal fees to be awarded is to be determined by the court. Despite the experience and skill of both attorneys in these proceedings, the court, taking into consideration the amounts involved, the nature of the proceedings and the difficulties of prosecuting and defending them, fixes the award to the tenants for legal fees in the amount of $300.
A judgment is therefore granted to the landlord petitioner in the amount of $1,758.12, being the rent admitted owing of $2,358.12 less offsets of $300 for damages for the breach of the warranty of habitability and $300 for attorney’s fees, and awarding possession of the premises to the landlord unless payment of the judgment is made by the tenants within five business days of the service upon the attorney for the tenants of a copy of the judgment to be entered herein. No costs are awarded to either party.