OPINION OF THE COURT
Per Curiam.
Order entered January 4, 1984 affirmed, with $10 costs.
The facts are not in dispute. Defendant tenant’s lease expired July 31, 1979. Landlord, in compliance with Code of the Rent Stabilization Association of New York City, Inc. § 60, offered a renewal lease at the percentage increases allowable under the then existing rent guidelines. Tenant accepted a two-year renewal at $509 monthly. Thereafter, in June 1979, prior to execution of the lease, new guidelines were promulgated effec *1050 tive July 1, permitting landlord a higher percentage increase. Landlord tendered a two-year lease commencing August 1 at a monthly rental of $538. Tenant rejected that lease and offered to pay only $509 per month. Landlord’s nonpayment summary proceeding was dismissed without prejudice, on the ground that the dispute was more appropriately to be resolved at the administrative level. The Conciliation and Appeals Board (CAB), acting upon the landlord’s complaint, determined that the landlord was entitled to the increase under the new guidelines in effect at the commencement of tenant’s renewal term, albeit tenant had accepted the offer of a renewal term prior to the publication of those guidelines. A CPLR article 78 proceeding brought by tenant was dismissed in May 1982, and the Appellate Division affirmed.
Landlord then brought this plenary action to recover his attorneys’ fees incurred in the dispute. Landlord relied upon paragraph 19 of the last lease between the parties, which provided: “If tenant shall default in the observance or performance of any term or covenant on tenant’s part to be observed or performed under or by virtue of any of the terms or provisions in any article of this lease * * * and if landlord, in connection therewith or in connection with any default by tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligations for the payment of money, including but not limited to attorney’s fees, in instituting, prosecuting, or defending any action or proceeding, such sums so paid or obligations incurred with interest and costs shall be deemed to be additional rent hereunder and shall be paid by tenant to landlord within five (5) days of rendition of any bill or statement to tenant therefor, and if tenant’s lease term shall have expired at the time of making of such expenditures or incurring of such obligations, such sums shall be recoverable by landlord as damages.” Special Term granted tenant’s motion to dismiss the complaint, finding no liability on his part for counsel fees incurred by the landlord in the summary proceeding since landlord did not prevail in the summary proceeding, and no liability for fees incurred in the administrative agency proceeding since the CAB has no statutory authority to award fees. With respect to the article 78 proceeding and appeal to the Appellate Division, the court, was of the view that legal fees incurred in the defense of those proceedings were recoverable under the controlling lease provision, but held that they had been waived in this case because landlord did not request counsel fees as part of its prayer for relief in the article 78 proceeding.
*1051 We are in substantial agreement with the result reached below. Our Appellate Division has now ruled that there is no statutory authority under the Code of the Rent Stabilization Association of New York City, Inc., for the award of attorneys’ fees to a tenant who prevailed in a proceeding before the Conciliation and Appeals Board, and that Real Property Law § 234 is inapplicable to administrative proceedings (Matter of Chessin v New York City Conciliation & Appeals Bd., 100 AD2d 297, 305-306). Bearing in mind the mutuality of obligation called for in section 234 — i.e., “the obvious intent of the Legislature to balance the rights of landlord and tenant in the context of what had been the standard attorney’s fee provision contained in the standard form lease” (College Props. v Bruce, 122 Misc 2d 766, 768 [App Term, 1st Dept], affd 104 AD2d 1063 [1st Dept]) — it seems to us that legal fees to prevailing landlords in administrative proceedings must be denied as well. As persuasively noted by Judge Saxe, the public policy is served when litigants resort to the administrative process to resolve their disputes. The threat of onerous attorneys’ fees in the - event of an adverse determination might well have a chilling effect upon parties taking their grievance to the administrative body expressly established to adjudicate those grievances. We think the standard attorneys’ fee provision, earlier quoted, is more preferably reserved for the ordinary eviction proceeding premised upon a substantial breach of the lease or a default in the payment of rent. This case was really not so much about a default in rent as it was a bona fide dispute as to what the legal rent should be. The Civil Court recognized that when it dismissed the nonpayment proceeding and referred the parties to the CAB, which ultimately declared the rights of the parties. In the circumstances, the action of the tenant did not amount to a failure to perform a lease covenant or a failure to pay rent, so as to trigger liability for landlord’s counsel fees under paragraph 19 of the lease (see, Duane Thomas Loft Tenants Assn. v Sylvan Lawrence Co., 117 Misc 2d 360, 368-370).
We disagree with that portion of the decision below which found landlord to have waived attorneys’ fees in the course of defending the tenant’s article 78 proceeding. “In New York practice * * * the defendant who has a claim against the plaintiff can assert it as a counterclaim or bring separate suit on it. He does not, merely by withholding it as a counterclaim, forfeit it, as he would if a ‘compulsory’ counterclaim rule applied” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:2, p 216). However, since we have determined that attorneys’ fees are not recoverable by landlords or tenants in *1052 proceedings at the CAB (and its successor), it follows as a logical corollary that such fees are also not recoverable in the ancillary proceedings seeking review of the agency determination — proceedings where the agency itself is the principal defending party.
Dudley, P. J., Hughes and Sandifer, JJ., concur.