OPINION OF THE COURT
Richard S. Lane, J.
Defendants herein seek attorney fees pursuant to Real *964 Property Law § 234. Interesting legal questions are posed concerning the applicability of section 234 to an administrative proceeding and to the unusual contingency fee arrangement between defendants and their counsel.
The facts are undisputed.
Defendants were loft tenants in a commercial building at 119 Fifth Avenue under a written standard form office lease. They used their premises for mixed work and residential purposes allegedly with landlord’s knowledge and consent. After the expiration of the lease, landlord commenced an ejectment action in the Supreme Court. Tenants sought and obtained a stay pending the outcome of a proceeding before the Loft Board to determine interim multiple dwelling coverage. At the end of a lengthy hearing, the Loft Board decided in favor of tenants. The decision was challenged in a CPLR article 78 proceeding but was eventually confirmed by the Appellate Division. Tenants thereafter were awarded summary judgment in the ejectment action, and this hearing on attorney’s fees was ordered.
The court respects counsel for both parties as highly skilled professionals specializing in landlord-tenant litigation. According to the testimony, counsel for defendants devoted 186 hours to these matters, charged his clients $17,373, and has been paid in full. Time sheets, invoices and checks received were offered to support his testimony, but cannot be completely reconciled with the testimony. The original retainer was $85 per hour, but, at some unspecified point during the Loft Board hearing, as the hours and bills mounted, the arrangement was changed to $125 per hour for further services necessary contingent upon a successful result.
The law is clear, argues plaintiff, that section 234 does not encompass legal services rendered in an administrative proceeding, citing East 55th St. Joint Venture v Litchman (126 Misc 2d 1049). And, indeed, in that case the Appellate Term, First Department, flatly states (at 1051): "Our Appellate Division has now ruled * * * that Real Property Law § 234 is inapplicable to administrative proceedings (Matter of Chessin v New York City Conciliation & Appeals Bd., 100 AD2d 297, 305-306).” The trouble is that one searches Matter of Chessin in vain for that statement, and I respectfully submit that the Appellate Term has simply misread the case. Matter of Chessin was decided correctly; Litchman was wrong.
In Matter of Chessin (supra), the New York City Concilia *965 tion and Appeals Board (hereinafter the CAB) had ruled that tenant had been unlawfully charged in excess of guidelines rent. In the ensuing article 78 proceeding, Special Term, inter alia, awarded tenant, who was an attorney appearing pro se, his expenses and compensation for diversion of his time pursuant to section 234. The Appellate Division reversed holding that section 234 was inapposite because neither an action nor a summary proceeding was involved.
Matter of Chessin (supra) might well be something of an enigma until one reviews the record and discovers that landlord’s lease clause provided for attorney’s fees in "any legal action or dispossess proceeding”. However, in the case at bar, and in Litchman (supra) landlord’s lease clause provided for attorney’s fees in "any action or proceeding”. The difference is crucial. Section 234 is intended to redress inequality at the bargaining table and effect mutuality in landlord-tenant litigation. It accomplishes its purpose by implying a covenant in residential leases imposing on landlord a duty to compensate a successful tenant for attorneys’ fees whenever the lease entitles landlord to seek fees (see, Feierstein v Moser, 124 Misc 2d 369, 371; see, Comm on State Legislation, Assn of Bar of City of NY, Bulletin No. 43 [1966]). If, however, the lease does not entitle landlord to seek attorneys’ fees, then tenant may not. The statute grants a tenant only a reciprocal right, not a separate one (Eleven Waverly Assocs. v Waering, NYLJ, Feb. 23, 1987, at 15, col 1; see, Scotia Assocs. v Bond, 126 Misc 2d 885, 889).
In Litchman (supra), the Appellate Term does rely solely on the putative mandate of Matter of Chessin (supra). It also adopts a public policy ground advanced in the opinion below (122 Mise 2d 81, 87). It reasons (supra, at 1051) that the threat of onerous attorneys’ fees in the event of an adverse determination might well have a chilling effect on parties taking their grievances to the administrative body expressly established therefor. The reasoning in flawed, in my opinion, because it carries too far and, more significantly, because it ignores an equally persuasive contrary public policy. Perhaps, writing on a clean slate, landlord’s lease clause providing for fees should be invalidated in its entirety due to its chilling effect on access to the courts. Real Property Law § 234 would then be superfluous. On the other hand, fees have a decided prophylactic effect in discouraging frivolous claims which are endemic on both sides of landlord-tenant litigation, and there is no rational basis for distinguishing between a court proceeding and an *966 administrative proceeding. Between the two competing public policies, the one supporting fees appears to represent the more current trend (see, CPLR 8303-a, as amended by L 1986, ch 220, § 35).
Perhaps more relevant than the foregoing analysis of Matter of Chessin and Litchman (supra) cited by plaintiff is the litigated history of Nesbitt v New York City Conciliation & Appeals Bd. (121 Misc 2d 336) cited by defendants. The issue there was the applicability of the Rent Stabilization Law and Code to housing owned by a church and rented to the public. The CAB held the apartments exempt from coverage. Its ruling was overturned by the Supreme Court in a CPLR article 78 proceeding, reinstated by the Appellate Division (85 AD2d 581) and finally overturned again by the Court of Appeals (sub nom. Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340). With respect to tenants’ claims for attorneys’ fees the Court of Appeals remitted to Special Term "for further consideration as to whether the landlord’s refusal to offer renewal leases in rent-stabilized terms constituted a failure to perform a covenant or agreement as is requisite to the application of section 234 of the Real Property Law.” (Supra, at 346.)
In Nesbitt and Eaton (supra) the records on appeal reveal that the landlord’s lease clause provided, as in Litchman (supra) and the instant case, for attorneys’ fees in "any action or proceeding”. Under such clauses the Court of Appeals appeared to assume without discussion the general applicability of section 234 to an administrative proceeding, and was only concerned with the entirely different question of whether under the circumstances there was a default by landlord under the lease.
On remand, Justice Greenfield resolved the question posed by the Court of Appeals in favor of tenants and ordered an assessment as to the amount of fees. I agree. The Rent Stabilization Law, and likewise the Loft Law, have always been read into leases as implied covenants (see, Klarish v Clayton, 115 Misc 2d 982). Neither Thomas Loft Tenants Assn. v Lawrence Co. (117 Misc 2d 360), nor Taylor v Haddad Corp. (118 Misc 2d 253) are to the contrary. They both involve declaratory judgment actions, and, by hypothesis, there is no default under the lease yet.
One additional legal problem occurs to me. It has never been discussed in the cases although it may have been on the *967 mind of the Appellate Division in Matter of Chessin (supra). Real Property Law § 234 by its caption and introductory clauses speaks to a lease of residential property which provides that in "any action or summary proceeding” the landlord may recover attorneys’ fees, and the reciprocal right bestowed on the tenant is likewise limited to attorneys’ fees in "any action or summary proceeding”. Is a lease in which the word "summary” before "proceeding” has been omitted, such as in Litchman, Nesbitt, Eaton (supra), and the instant case, outside the statute’s ambit; is a tenant to be denied fees in other kinds of proceedings even though landlord under the lease clause is permitted to recover? Remember an article 78 matter is neither an action nor a summary proceeding. Such a result would be travesty and inimical to the statute’s intent to redress the imbalance at the bargaining table. Fortunately, McKinney’s Consolidated Laws of NY, Book 1, Statutes § 111 authorizes the courts in a proper case to depart from literal construction in order to sustain legislative intent.
I now turn to the contingency arrangement between defendants and their counsel. If such arrangement contemplated payment only by landlord, the issue raised under Real Property Law § 234 would be whether any obligation for fees had been incurred by tenant. Yes says Manor Mt. Assocs. v Deutsch (126 Misc 2d 1006) and Scotia Assocs. v Bond (supra). The arrangement here involved only a partial contingency, but apparently did not contemplate payment only by landlord. There has already been payment by tenants without awaiting the outcome of the section 234 application.
The rolling of the dice by the parties part way through the matter, whatever the motivation, should not affect the calculation of fees. In any event, the court is unable to assess the monetary impact of the contingency because of lack of clarity as to when it took effect. Furthermore the court’s determination under section 234 is not bound by the contractual arrangements between the parties. The court’s task is to award reasonable fees taking into account the nature and complexity of the issues raised, the experience and professional standing of counsel, the skills actually exercised, the time actually spent, and the results achieved.
Under these criteria and under all of the circumstances, the court awards to defendants’ attorneys fees in the amount of $13,500.