OPINION OF THE COURT
Richard S. Lane, J.
By my decision herein dated March 18, 1987 (134 Misc 2d 963) defendant was awarded attorney fees pursuant to section 234 of the Real Property Law. In this motion defendant seeks reconsideration to add prejudgment interest.
Surprisingly, a matter of first impression! Perhaps because the amount of section 234 fees is usually relatively small and *774 the period of litigation usually relatively short. Here the amount is $13,500 and the litigation lingered on for several years.
Why not? CPLR 5001 (a) commands prejudgment interest in a contract or property action. A lease is a contract. Section 234 creates an implied-in-law convenant in an appropriate residential lease. That the convenant is implied rather than express does not affect the applicability of CPLR 5001 (a) (Delulio v 320-57 Corp., 99 AD2d 253 [interest on award of damages for breach of warranty of habitability]; Isaacs v Incentive Sys., 52 AD2d 550 [interest on award for services rendered in quasi contract]).
Plaintiffs opposing argument premised on the alleged punitive nature of section 234 is inapposite. There is nothing punitive about section 234. It simply confers upon tenant a reciprocal right to fees whenever landlord is so entitled under the lease.
More elusive is the question of the date from which interest should flow. In the ordinary contract or property action model it is the date of breach. Defendant urges the date upon which the fees were incurred, which at least has the merit of sedulously, aping the statutory language of section 234. Plaintiff urges the date upon which the fees were actually paid. None of these solutions appeals to the court as appropriate.
In the ordinary contract or property action, interest is computed on damages for breach of contract or property right and flows from the date of the breach. Attorney fees are not damages for breach of any substantive provision of a contract or substantive property right. Rather, they represent a conditional award or prerogative which does not mature until the underlying action or proceeding has been determined. In the court’s opinion that establishes the appropriate date from which interest should flow.
The litigation here began in the Supreme Court, traveled to the Loft Board, and from there to the Appellate Division, and ultimately back to the Supreme Court. The final act was the order of the Supreme Court dismissing plaintiff’s ejectment action and ordering a hearing on counsel fees. The date of that order is February 19, 1985.
My decision herein awarding fees is amended to provide for interest thereon from February 19, 1985.