In the Matter of the Application of ALBERT LAVENBURG, an Attorney, for an Adjudication of an Attorney's Lien, Petitioner, against UNIVERSAL SPORTWEAR, INC., et al., Respondents.

Supreme Court, Special Term, New York County, May 4, 1950.

*Albert Lavenburg,* petitioner in person.

*Moses Kobrinetz* for Evelyn S. Kessler, assignee, respondent.

*Grodner & Tonelson* for Universal Sportwear, Inc., respondent.

*Irving H. Saypol, United States Attorney for the Southern District of New York (Daniel H. Greenberg* of counsel), for the United States of America, respondent.

EDER, J. Motion No. 70 to adjudicate petitioner's attorney's lien and to direct payment thereof, and motion No. 71 of the

United States to dismiss the petition, are considered together. Petitioner's motion is granted, and the motion to dismiss, is denied.

The petitioner is a member of the bar, and, as such, rendered divers services pursuant to a retainer on behalf of the U. S. Garment Corporation, in a suit brought against the Universal Sportwear, Inc., under which petitioner was to be paid 50% of the amount received by suit, settlement or otherwise, contingent upon recovery, together with his disbursements and advances. He performed his services as outlined in his petition herein; the suit was settled for the sum of $6,427.08, which sum is presently in the possession of the attorneys for the said named concern and one Oscar Abt, who are defendants in the suit; said attorneys are holding the same awaiting an order of the court for the disposition and allocation of the same.

It is alleged and appears to be undisputed that there is due to petitioner pursuant to said retainer, for his services, the sum of $3,213.54, plus $96.66 for disbursements, making a total of $3,310.20, and that no part thereof has been paid to petitioner by virtue of a lien filed by the United States of America, and two assignments filed by one Evelyn S. Kessler.

In this proceeding said Universal Sportwear, Inc., the United States and said Kessler were cited as parties and served with the motion papers. Said Kessler and Universal Sportwear, Inc., do not oppose, but opposition is registered by the United States, which, by separate motion moves to dismiss the petition in this proceeding as against the United States on the ground that this court does not have jurisdiction over the United States, in any and all respects, in this proceeding, and a special appearance has been entered for the purpose of contesting the jurisdiction of this court over the United States in this proceeding.

When the proceeding herein was instituted the United States procured the removal thereof to the United States District Court for the Southern District of New York, acting in reliance on the belief that this was proper under section 1444 of title 28 of the United States Code; this authorizes removal from a State court to the Federal court where there is involved the foreclosure of a lien to property on which the United States has or claims any lien pursuant to section 2410 of title 28 of the United States Code. On motion of petitioner this cause was remanded to this court, the Federal District Court being of the view that it lacked jurisdiction and that in its view the proceeding herein is not one within the contemplation of said

section 2410 of the Federal Judicial Code, but is a proceeding to enforce a lien under section 475 of the Judiciary Law of this State.

I am of opinion that this court has jurisdiction to grant the relief sought by the petitioner and that it may adjudicate the lien of the petitioner and enforce payment of the same, and to determine rights of priority thereto, including that of the United States, with or without its appearance or presence here; that the United States is not an indispensable party; that this court has jurisdiction in such a proceeding as this, as an incident to its jurisdiction to adjudicate and enforce the attorney's lien, to pass upon and determine rights of priority among and between the claimants to the fund in concern.

Section 475 of the Judiciary Law provides that from the commencement of an action in any court the attorney who appears for a party has a lien upon his client's cause of action which attaches, among other things, to the proceeds thereof in whatever hands they may come, and further provides that '' The court upon the petition of the client or attorney may determine and enforce the lien ''.

Subdivision (a) of section 2410 of title 28 of the United States Code provides: '' (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court * * * or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.''

The relief asked by petitioner under section 475 of the Judiciary Law is to declare and foreclose an attorney's lien. While the word ''foreclose '' is not employed, and the word '' enforce '' is used, it is the equivalent of '' foreclose '' within the meaning and intent of this enactment, and it seems to me to be a mere play on words to hold that an application under section 475 is not one to foreclose a lien.

Entertaining this view, subdivision (a) of section 2410 of title 28 of the United States Code is, in my opinion, applicable. The purpose of this section is to waive sovereign immunity from suit in the type of cases to which it refers and to authorize suit to be brought against the United States. In consequence, any claim by the United States Attorney that this court cannot acquire jurisdiction over the United States without its consent seems meaningless, since this section, by its very terms, gives a

statutory consent to make it a party to a civil cause involving the foreclosure of a lien on real or personal property on which the United States has or claims a lien.

However, it is my view as hitherto mentioned, that this court may determine the priority of lien between the parties, and this without the appearance or presence of the United States and that it is not an indispensable party herein. It is enough that the court is apprised that the United States has or claims a lien for internal revenue taxes against the U. S. Garment Corp., the plaintiff in the underlying lawsuit and that a lien had been filed by the Collector of Internal Revenue.

It then becomes the duty of this court, acting in pursuance of section 475 of the Judiciary Law to determine the attorney's lien of petitioner and to enforce the same; it is a summary foreclosure of such attorney's lien; this necessarily imposes upon the court, in the enforcement of the lien, to determine rights of priority to the fund against which the lien is to be foreclosed and enforced; this is a basic requisite whether a party asserting a lien appears or does not, if enough is shown to the court, as here, that a lien was filed.

This court, in my opinion, has jurisdiction to pass upon the question of priority of lien, and, accordingly does so. It adjudges the petitioner to have an attorney's lien in the sum of $3,310.20 against the fund now in possession of the attorneys for the U. S. Garment Corporation and that his attorney's lien is superior to the lien for internal revenue taxes filed by the Collector of Internal Revenue for the Second District of New York, and an order may pass directing that said sum be paid the petitioner by said attorneys out of the fund in their possession (cf. *Matter of Herlihy,* 274 App. Div. 342).

As between the United States and said Evelyn S. Kessler, who claims under assignments, subject to the lien, fees and expenses of petitioner, the United States has not indicated that its lien has priority over the Kessler assignments. Settle order.