■ MYRNA G. JORDAN, Appellant, v. SOPHIE FREEMAN et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County, entered on March 8, 1972, directing compensation to former attorney for the petitioner in the sum of $12,000 plus disbursements of $58.45, unanimously modified, on the law and facts and in the exercise of discretion, without costs and without disbursements, by reducing the sum to $6,000 less the sum of $500 heretofore paid, plus $58.45 for disbursements, on the ground that the award was excessive, and otherwise affirmed. The relevant factors in the determination of the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved. (*Matter of Burk*, 6 A D 2d 429, 430.) The record leaves much to be desired regarding the actual time spent since respondent testified that he did not keep a diary nor did he keep time records and his estimate of time spent was based upon a review

of his files. This court may consider its own knowledge and experience concerning reasonable and proper fees and in the light of such knowledge and experience, the court may form an independent judgment from the facts and evidence before it as to the nature and extent of the services rendered, make an appraisal of such services, and determine the reasonable value thereof. (*McAvoy* v. *Harron*, 26 A D 2d 452; *Matter of Sebring*, 238 App. Div. 281, 289, 290.) Concur — Stevens, P. J., Kupferman, Murphy, McNally and Tilzer, JJ.