OPINION OF THE COURT
Edward H. Lehner, J.
The legal issues presented here are (i) whether legal fees have been “incurred” so as to enable a tenant, who succeeded in having a summary proceeding instituted against her dismissed, to recover counsel fees under Real Property Law § 234 when the tenant’s attorney undertook the case without expectation of obtaining compensation from the tenant, and (ii) whether such fees may be recovered when the dismissal was on procedural grounds.
FACTS
This proceeding was instituted to recover possession of a rent-controlled apartment based on an alleged illegal subletting. Respondent’s motion to dismiss was granted on October 11, 1984, by Judge Saxe who ruled that the petition was “jurisdictionally defective” because the landlord had not filed the notice *886 required by New York City Rent and Eviction Regulations § 53 with the District Rent Office. The order of dismissal also directed a “hearing on attorneys’ fees,” which was held on November 26 before this court.
Tenant’s attorney testified that when he undertook to represent the tenant he understood that she lacked the means to pay a fee and that he would obtain compensation for his efforts only if he were successful in the litigation and could recover a fee from the landlord under Real Property Law § 284.
THE LANDLORD’S DEFENSES
Landlord argues that tenant is not entitled to recover fees because (i) the tenant’s lease was executed prior to the enactment of Real Property Law § 234, (ii) the procedural dismissal was not a “successful defense”, and (iii) in light of the testimony, it cannot be said that the tenant has “incurred” legal fees.
RETROACTIVE APPLICATION OF REAL PROPERTY LAW § 234
In substance, Real Property Law § 234 provides that if a lease contains a provision allowing the landlord to recover counsel fees in the event a summary proceeding is instituted against the tenant because of a default under the lease, then there shall be implied a covenant that the landlord shall “pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant” in the “successful defense” of a summary proceeding.
Although the section was enacted in 1966 and thus subsequent to the execution in 1962 of the last lease by respondent for this rent-controlled apartment, the statute is nevertheless applicable. In College Props. v Bruce, 122 Misc 2d 766, 768 [App Term, 1st Dept 1984], affd 104 AD2d 1063), it was held, under facts similar to those in the case at bar, that “in projecting the attorney’s fee provision of tenant’s 1962 lease into her statutory tenancy, the mutuality of obligation called for in section 234 must be incorporated into that statutory tenancy.”
THE “SUCCESSFUL DEFENSE”
Although 45 days elapsed between the date of the dismissal and the hearing before the undersigned, the landlord had taken no steps to commence a new proceeding against the tenant. The landlord’s attorney explained that such inaction was because the landlord was seeking to determine whether the tenant was still subletting in violation of the lease. Tenant’s attorney maintained that there were now no unauthorized subtenants occupying the apartment.
The general criterion for determining whether a dismissal warrants a tenant being entitled to attorneys’ fees under Real *887 Property Law § 234 can be said to be whether the dismissal is victory in a “battle” in a continuing “war” on the issue between the parties, or an end of the “war.” Thus, in Elkins v Cinera Realty (61 AD2d 828 [2d Dept 1978]), where two summary nonpayment proceedings were dismissed on procedural grounds, but a third one was pending, the court denied fees pending the “ultimate outcome of the controversy”. (Accord, Teitler v Feldman, NYLJ, Oct. 10, 1984, p 6, col 1 [App Term, 1st Dept].)
In N. V. Madison, Inc. v Saurwein (103 Misc 2d 996, 998 [App Term, 1st Dept 1980]), attorneys’ fees were authorized even though the dismissal was on procedural grounds because the court found that “the landlord contemplates no further proceedings to determine the underlying merits.” In Park S. Assoc. v Essebag (126 Misc 2d 994 [App Term, 1st Dept]), where two years had elapsed since a procedural dismissal with the landlord having taken no steps to renew the litigation, the court found that the landlord had abandoned the proceeding and that it was therefore appropriate to then determine reasonable attorneys’ fees. The court ruled that: “the landlord should not be permitted to postpone indefinitely the ‘ultimate outcome’ of the lawsuit, effectively denying tenant statutory attorneys’ fees in the situation where the petition is dismissed on motion and the merits are not addressed” (p 995).
Where a subsequent proceeding is commenced but sets forth a different basis for recovery from that set forth in the dismissed proceeding, it has been held that the tenant is entitled to counsel fees for successfully defending the original proceeding (the original “war” in effect having been terminated and a new one commenced). (McMahon v Schwartz, 109 Misc 2d 80 [Civ Ct, Bronx County 1981]; Dowling v Yamashiro, 116 Misc 2d 86 [Civ Ct, NY County 1982].)
The issue presented to this court is whether at the date of the hearing (45 days after the dismissal), the time was ripe for a determination of counsel fees. There being no binding precedent stating when a proceeding should be deemed abandoned, the court holds that the rule to be applied is whether a reasonable time has passed, considering all of the circumstances, without the landlord taking any steps to reactivate litigation with respect to the claim made in the dismissed proceeding.
This proceeding was commenced on June 25, 1984. The answer served on July 5 contained many affirmative defenses, including that which resulted in the dismissal. The landlord’s attorney indicated that he was aware of the likelihood of the *888 proceeding being dismissed for failure to file the requisite notice. With knowledge for over four months of the likelihood of the proceeding being dismissed, and with 45 days having elapsed since dismissal, the court finds that a sufficient time passed to enable the landlord to ascertain whether the lease violation claimed in its June petition persisted. Therefore, since the landlord has not in any manner asserted that such violation continues, the court finds that for the purposes of dealing with the application for counsel fees, the prior proceeding has been abandoned, and the court will deal with tenant’s application on the merits.
HAVE LEGAL FEES BEEN INCURRED?
Petitioner claims that no award should be made because the tenant did not undertake to pay a fee to her attorney (who, in a sense, acted pro bona on her behalf) and hence cannot be considered to have “incurred” counsel fees.
Initially the court observes that it has been held that an attorney who acts pro se is entitled to recover fees under Real Property Law § 234 on the theory that he diverted professional time to his personal litigation when he could have been engaged in other pursuits. (Parker 72nd Assoc. v Isaacs, 109 Misc 2d 57 [Civ Ct, NY County 1980]; McMahon v Schwartz, supra.)
The term “incurred” is defined in Webster’s New Collegiate Dictionary as “to become liable or subject to.”
Various courts have considered the meaning of “incurred” in several contexts. For example, with respect to provisions in insurance policies for payment of medical expenses, courts have generally required that a liability be created. (E.g., Rubin v Empire Mut. Ins. Co., 25 NY2d 426 [1969]; Whittle v Government Employees Ins. Co., 51 Misc 2d 498 [App Term, 2d Dept 1966]; Farr v Travelers Indem. Co., 84 Misc 2d 189 [Sup Ct, Erie County 1975].)
Both the Federal Freedom of Information Act (FOIA; 5 USC § 552 [a] [4] [E]) and the Equal Access to Justice Act (EAJA; 28 USC § 2412 [a]) contain attorneys’ fee provisions in which the successful litigant’s entitlement to a fee has hinged upon the meaning assigned to the term “incurred”.
In Ceglia v Schweiker (566 F Supp 118 [EDNY 1983]), where plaintiff sought attorneys’ fees pursuant to the EAJA, defendant argued that plaintiff had not “incurred” any fees since she was represented free of charge by legal services. The court held that such fees were available despite the pro bona nature of the services rendered, based on both the legislative history of the *889 statute and on the public policy of providing a strong incentive for legal services and other pro bona counsel to represent indigent claimants. In so holding, the court stressed the remedial purpose of the statute. (Ceglia v Schweiker, 566 F Supp, at p 123, n 4; see also, Chee v Schweiker, 563 F Supp 1362 [D Ariz 1983]; Watkins v Harris, 566 F Supp 493 [ED Pa 1983]; contra, Cornelia v Schweiker, 553 F Supp 240 [D SD 1982] [requiring actual liability for fees].)
The same result has been achieved by judicial interpretation of the word “incurred” in the fee provisions of the FOIA. (Crooker v United States Dept. of Treasury, 634 F2d 48 [2d Cir 1980]; Cunningham v Federal Bur. of Investigation, 664 F2d 383, 385 [3d Cir 1981]; contra, Crooker v United States Dept, of Justice, 632 F2d 916, 922 [1st Cir 1980]; Burke v United States Dept. of Justice, 559 F2d 1182 [10th Cir 1977].)
However, the foregoing Federal precedent is not relevant here as the purpose of Real Property Law § 234 is not similar to the purpose behind the inclusion of the attorneys’ fee provisions in the aforesaid Federal acts. In the latter, a party who has been denied rights by government is enabled to recover the legal expenses of overcoming the deprivation. In such instances there is an independent statutory or constitutional right which is sought to be promoted. The statutory provision of attorneys’ fees thereby encourages litigation to secure such rights by “private attorneys general.” The purpose of Real Property Law § 234, on the other hand, is to create equality, i.e., “to balance the rights of landlord and tenant in the context of what had been the standard attorney’s fee provision contained in the standard form lease.” (College Props. v Bruce, 122 Misc 2d 766, 768, supra.) If a lease does not authorize a landlord to collect an attorneys’ fee, the statute is inapplicable. There is no separate right sought to be advanced.
A conclusion that a successful pro se litigant is entitled to recover attorneys’ fees under the FOIA has been achieved as a matter of statutory construction. In Holly v Acree (72 FRD 115 [D DC 1976], affd sub nom. Holly v Chasen, 569 F2d 160 [DC Cir 1977]), it was held that a pro se litigant was entitled to reasonable attorneys’ fees “incurred” based on the construction of the statutory provision. The statute, 5 USC § 552 (a) (4) (E), permits the court to assess against the United States “reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.” The court, in addition to basing its decision on the above-mentioned public policy ground, found *890 that the word “incurred” modifies “other litigation costs” but not “attorney fees” and that therefore attorney fees need not have been actually incurred to be within the ambit of the provision.
Real Property Law § 234 is similarly drafted and a like construction could be applicable here, as it is reasonable to find, as a matter of statutory construction, that the word “incurred” modifies “expenses” and does not refer to “reasonable attorneys’ fees.” However, the court does not feel that construction of the statute is necessary for the determination of the issue before it, as it concludes that in the case at bar attorneys’ fees have been “incurred” as that term is used in Real Property Law § 234.
If the tenant herein had misrepresented her financial condition and in fact had the wherewithal to pay legal fees, or if she subsequently came into money, could she claim that she was not liable to pay a reasonable fee if demanded by her attorney? The answer is obviously in the negative. She would be liable therefore because the attorney undertook to perform services for her and only agreed not to seek compensation from her because of her financial condition. Liability was incurred, but collection was foresworn.
A parallel can be seen in the case of Rubin v Empire Mut. Ins. Co. (supra). There an insured under an automobile policy sought to recover for his medical expenses even though such expenses had been paid pursuant to his employer’s workers’ compensation policy. The Appellate Division denied recovery (32 AD2d 1, 2) holding that under the policy, which provided for reimbursement of medical expenses “incurred”, the insurer would be liable for such expense only “when the patient is liable to pay for them”, and since the expenses had been paid under a workers’ compensation policy and no claim had ever been made against the patient, no expenses had been “incurred” by him.
The Court of Appeals reversed, holding that “the insured has subjected himself to liability for payment simply by undergoing the treatment.” (Rubin v Empire Mut. Ins. Co., 25 NY2d 426, 429, supra.) The court cited with approval the case of Thomas v Universal Life Ins. Co. (201 So 2d 529 [La App 1967]), where it was held that “inasmuch as the expenses could be charged against the insured, he had incurred them.” (See also, United States v Government Employees Ins. Co., 421 F Supp 1322 [NDNY 1976]; Greenspan v Travelers Ins. Co., 98 Misc 2d 43 [Sup Ct, Queens County 1979].)
Similarly here, when the attorney performed services for his client, attorneys’ fees were incurred within the meaning of Real *891 Property Law § 234, with the consequence that respondent is entitled to recover for the services performed by her attorney.
THE REASONABLE FEE
At the hearing respondent’s counsel acknowledged that he was not experienced in handling landlord-tenant litigation. He stated that he spent a great deal of time (although he maintained no records) in research in order to prepare the answer and made numerous court appearances. However, several of the appearances were to obtain adjournments which he had requested. He has demanded a fee of $2,500.
In Jordan v Freeman (40 AD2d 656 [1st Dept 1972]) it was said that the “relevant factors in the determination of the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved.” There too the attorney failed to maintain any time records and the testimony was based on estimates made from a review of his files. Under such circumstances the court said that “[it] may consider its own knowledge and experience concerning reasonable and proper fees and * * * form an independent judgment from the facts and evidence before it as to the nature and extent of the services rendered, make an appraisal of such services, and determine the reasonable value thereof” (p 657).
This was a relatively simple case which an attorney reasonably versed in landlord-tenant law would need little time to research. In determining a resonable fee, time expended is, of course, one important factor. However, as was pointed out in Williamson v Quinn Constr. Corp. (537 F Supp 613, 617 [SDNY 1982]), time is not the sole criterion, for if it were, “it can result in rewarding the incompetent and inexperienced lawyer and penalizing the competent and experienced lawyer.” (See also, Reisch & Klar v Sadofsky, 78 AD2d 517 [2d Dept 1980]; Matter of Potts, 213 App Div 59 [4th Dept 1925], affd 241 NY 593 [1925]; National Assn. of Concerned Veterans v Secretary of Defense, 675 F2d 1319 [DC Cir 1982].)
Considering all the factors, the court determines the reasonable fee to be $1,500, for which judgment may be entered in favor of the tenant against the landlord.