OPINION OF THE COURT
Loren Baily-Schiffman, J.
This court entered a decision and order in this holdover proceeding on September 20, 2001 in which the court found that the respondent is the prevailing party for the purposes of the parties’ requests for attorneys’ fees. Thereafter, the parties made written submissions and a hearing was held on the issue of attorneys’ fees. Based upon the written submissions and the evidence adduced at hearing, the court makes the following decision and order.
Entitlement to Attorneys’ Fees
Under New York law, the general rule or “American Rule” is that a party to a litigation ordinarily is responsible to pay his/her own attorneys’ fees and will not recover such fees from the opposing party. (Alyeska Pipeline Serv. Co. v Wilderness Socy., 421 US 240 [1975].) Exceptions to this rule are where an agreement between the parties or a statute provides otherwise. (Solow v Risman, NYLJ, Feb. 6, 1997, at 29, col 6 [Civ Ct, NY County]; Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]; Friends of Yelverton v 163rd St. Improvement Council, NYLJ, Jan. 3, 1991, at 21, col 2 [App Term, 1st Dept].) Many leases for residential real estate provide that the landlord may recover attorneys’ fees if he/she institutes litigation against a tenant for breach of the lease. Real Property Law § 234 was passed to “level the playing field” and provide a reciprocal entitlement to attorneys’ fees where the tenant is the “prevailing party” in such litigation. Real Property Law § 234 provides the following:
“Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease * * * there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or ex *485 penses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease.”
Both landlord and tenant herein assert an entitlement to attorneys’ fees. However, the landlord takes the position that Real Property Law § 234 does not apply to this proceeding and the tenant is, therefore, not entitled to fees. The court first addresses the lease provisions. Respondent relies on paragraphs 19 and 55 of the lease to support his attorneys’ fees application. Paragraph 19 of the lease provides that if the tenant defaults in the performance of any term of the lease, and the owner incurs expenses, including attorneys’ fees, in prosecuting or defending any action related thereto, then the tenant will reimburse the owner for such sums paid or which the owner is obligated to pay. Paragraph 55 of the lease rider provides as follows:
“Should it become necessary to send the Tenant a dispossess, then the tenant agrees to pay for this disposses [sic] in the minimum amount of $50.00. If Court action becomes necessary then the tenant agrees to pay a $350.00 minimum charge for legal fees of $500.00 which includes the making and serving of the above dispossess, and all other legal expenses.”
While somewhat inartfully written, the court interprets this rider provision and the lease provision to come within the terms of Real Property Law § 234. The court has found that it was the intention of the parties to lease the premises for residential purposes. The lease terms provide for the payment of attorneys’ fees by the tenant should “court action” become necessary or should the owner incur attorneys’ fees in prosecuting or defending litigation related to a violation of the lease. Therefore, the reciprocal provisions of Real Property Law § 234 apply to entitle tenant to charge the landlord with his attorneys’ fees when the tenant is the prevailing party in the “court action” referred to in the lease provision. (Minjak Co. v Randolph, 140 AD2d 245 [1st Dept 1988]; Feierstein v Moser, 124 Misc 2d 369 [Sup Ct, NY County 1984].)
Landlord’s position that the tenant, although the prevailing *486 party,[1] is not entitled to attorneys’ fees is premised on the commercial form of the lease. While Real Property Law § 234 applies only to the lease of residential premises, where, as here, the intention of the parties was to enter into a lease for residential premises, Real Property Law § 234 applies to this lease. (Feierstein v Moser, supra; Deary v Keith, 68 Misc 2d 110; Barrow Realty Corp. v Village Brewery Rest., 272 App Div 262; see also Taylor v Haddad Corp., 118 Misc 2d 253 [Sup Ct, NY County 1983].) Moreover, the Second Department has determined in 640 Broadway Renaissance Co. v Rossiter (256 AD2d 568 [2d Dept 1998]) that where the lease of a loft tenant is converted into a statutory tenancy, the provisions of the lease, including the attorneys’ fees provisions, carry over into the statutory tenancy, thus triggering the reciprocal provision of Real Property Law § 234. This court finds that the Second Department’s holding is applicable to the facts of the case at bar where the tenants have been found by the court to be entitled to continued occupancy pursuant to the Rent Stabilization Law.
Landlord also asserts that because his case was dismissed on procedural grounds and not on the merits, tenant is not entitled to fees. Landlord relies on Elkins v Cinera Realty (61 AD2d 828 [2d Dept 1978]) and Scotia Assoc. v Bond (126 Misc 2d 885 [Civ Ct, NY County 1985]) for this proposition. Elkins concerns three successive nonpayment proceedings. The first two were dismissed on procedural grounds (the nonappearance of the landlord and a defective verification). The third was brought while a Supreme Court declaratory judgment action between the parties was pending. The Appellate Division upheld the dismissal of the declaratory judgment action and the referral of the attorneys’ fees application to the housing court. The court held that an attorneys’ fees determination should be made only after the “ultimate outcome of the controversy, whether or not such outcome is on the merits.” (Id. at 828.)
Scotia Assoc. v Bond (supra) involves a proceeding to evict a rent controlled tenant for alleged illegal subletting. The case was dismissed on tenant’s motion because the landlord failed to file the notice required by New York City Rent and Eviction Regulations § 53 with the District Rent Office. The landlord argued on the application for attorneys’ fees that the tenant was not entitled to fees because the dismissal on procedural *487 grounds was not a “successful defense” pursuant to Real Property Law § 234. The court held that because the landlord did not serve the required notice or otherwise proceed against the tenant in the 45 days that elapsed between the dismissal of the action and the hearing before the court on attorneys’ fees, the landlord had abandoned the action and the issue of attorneys’ fees was ripe for determination. In its analysis of whether a dismissal warrants a tenant’s entitlement to attorneys’ fees, the court distinguished a situation where “the dismissal is a victory in a ‘battle’ in a continuing ‘war’ on the issue between the parties, or an end of the ‘war’ ” (supra at 886-887, citing Elkins v Cinera Realty).
The holding in Elkins v Cinera is clearly distinguishable on its facts from the case at bar. Here, the ultimate outcome has been determined. The landlord’s summary proceeding was dismissed after a full trial and substantial posttrial briefing. This court does not interpret the Appellate Division’s decision in Elkins to require the trial court to await a decision on appeal before considering an attorneys’ fees application. While this court has been informed that an appeal has been filed in this case, the “ultimate outcome” of the case before this court has been reached and the application for attorneys’ fees is, therefore, ripe for determination.
While the landlord may consider this court’s decision after trial to be merely the determination of one “battle” in a continuing “war” because there is pending litigation (not assigned to this Judge) involving other tenants in the building, as far as the respondent, William Norton, is concerned, the war is over. This court finds no support for landlord’s position in the holding in Scotia Assoc. v Bond (supra). Applying that holding to the facts of the case at bar leads to a finding that the attorneys’ fees issue is now ripe for determination.
Award of Reasonable Fees
In determining what is a reasonable attorneys’ fee, the court looks to federal precedent applying the Civil Rights Attorneys Fees Awards Act of 1976 (42 USC § 1988) and the attorneys’ fees provision of title VII of the Civil Rights Act of 1964 (42 USC § 2000e-5 [k]) as the most complete and most relevant case law on the subject of attorneys’ fees. This federal precedent utilizes the concept of “prevailing party” as does Real Property Law § 234 to determine a reasonable attorneys’ fee with an eye towards “leveling the playing field” of litigation. This court believes that the federal case law analyzing at *488 torneys’ fees in the civil rights context is the most appropriate precedent to apply to the analysis of attorneys’ fees in landlord/ tenant cases, given the dearth of state court decisions analyzing this issue. This is particularly so as the Hensley approach has been applied to other federal statutes where Congress authorized an award of attorneys’ fees to a “prevailing party.” (Hensley v Eckerhart, 461 US 424, 433; Bleecker Charles Co. v 350 Bleecker St. Apt. Corp., 2002 WL 538822, 2002 US Dist LEXIS 6211 [SD NY, Apr. 10, 2002] [awarding fees under the Condominium and Cooperative Conversion Protection and Abuse Relief Act, 15 USC §§ 3601-3616].)
After the initial determination of “prevailing party,” the court next must determine what is a reasonable attorneys’ fee under the circumstances of the case at bar. The Supreme Court in Hensley cited with approval 12 factors set forth in Johnson v Georgia Highway Express (488 F2d 714 [5th Cir 1974]) that should be considered in determining the amount of any fee award.[2] Since the respondent tenant succeeded on substantially all of the contested factual and legal issues in this case, he is entitled to an award of attorneys’ fees for all of the time expended in pursuit of the successful result achieved in the same manner that an attorney is traditionally compensated by a fee-paying client for the time reasonably expended on a matter. (Hensley v Eckerhart, 461 US 424, 431, citing Davis v County of Los Angeles, 1974 WL 180 [CD Cal 1974].) The starting point for this determination of what is a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, or what is generally referred to as the “lodestar.” (Hensley, supra.)
At the hearing of this matter, Arthur Rhine, Esq., of the firm, Silberman & Rhine, attorney for respondent, testified concerning his background and experience in the field of loft tenant representation and submitted contemporaneous time records substantiating the number of hours expended in representing the tenant in this litigation. He seeks an award of fees at the rate of $240 per hour, the rate at which he charged *489 his client. Respondent submits that this is a reasonable hourly-rate under the circumstances.
Mr. Rhine has been admitted to the New York bar since 1982 and since his admission has primarily represented tenants in landlord/tenant cases involving residential occupancy of lofts. It would not be an overstatement to say that he is one of the preeminent attorneys doing this type of litigation and the cases he has litigated have had a dramatic impact on loft law in New York City and, in particular, in Brooklyn. The court, therefore, finds that the $240 hourly rate sought to be applied in this case is a reasonable hourly rate, particularly when the petitioner has not objected to this rate.
Petitioner cross-examined Mr. Rhine concerning his time records. He objected to including in any fee award time spent by Mr. Rhine’s partner, Martin Silberman, and time spent on the companion Supreme Court case. Mr. Rhine has indicated that approximately 10% of the time spent on this case, as indicated by the time records, involves work done by Mr. Sil-berman and much of that time involves work on the Supreme Court matter. The court will exclude from the calculation of the fee award the time spent by Mr. Silberman and will leave to the Supreme Court the determination of whether fees are to be awarded in the case pending in that court.
Petitioner also objects to a fee award in excess of $50,000[3] on the grounds that it is excessive, citing Matter of Freeman (34 NY2d 1 [1974]), Matter of Potts (241 NY 593 [1925]), and Jordan v Freeman (40 AD2d 656 [1st Dept 1972]). Matter of Freeman (supra) and Matter of Potts (supra) involve Surrogate’s Court proceedings and their holdings have no relevance to the considerations before the court in this case. However, to the extent that they can be considered to be relevant, they do not support the position put forth by petitioner that the fee sought by respondent is excessive. Jordan v Freeman (supra) concerns the determination of the value of legal services where no contemporaneous records were submitted to the court and, thus, can be distinguished on its facts from the case at bar.
The court must note that the trial of this case took considerable time. It was tried on nine separate days between October 2000 and January 2001. Such extensive testimony was required because of the nature of the factual findings the court was called upon to make. Because the petitioner contested all of the *490 factual issues required to prove respondent’s case, respondent was required to present substantial evidence, both testimony and documents, establishing the residential occupancy of more than six tenants. Respondent did this in clear, if not such concise, fashion and through this proof satisfied his burden. The court is aware of the time-consuming nature of trial preparation in a fact-intensive case of this kind. It is the preparation of the witnesses for trial and the culling of evidence from the many witnesses that resulted in the respondent’s success at trial. Both the written presentations of respondent and the presentation of evidence were of high quality and greatly assisted the court in making its findings. The- court, therefore, holds that respondent’s attorneys’ fees request is not excessive as a matter of law.
The final objection of petitioner is that respondent is not entitled to a fee award for the time expended on the fee application itself. This is generally referred to as “fees on fees.” The court finds that there is no prohibition against awarding “fees on fees” in New York law and there would be no logic to such a ruling. (313 W. 100th St. Tenants Assn. v Kepasi Realty Corp., 139 Misc 2d 57 [Civ Ct, NY County 1988].) The court requires that an application be made for attorneys’ fees, that such application be supported by facts and that a hearing be held to present that factual support to the court. Time must be expended to create and support the attorneys’ fees application and this time is no different than the attorney’s time required to present the merits of a case to the court. The court, therefore, holds that the attorneys’ fees award shall not be reduced by the time expended on the attorneys’ fees application and the hearing on that application.
The court has reviewed the contemporaneous time records submitted by respondent, excluded time spent on the Supreme Court and other matters and excluded time spent by Mr. Silberman. The court finds that 136.25 hours were reasonably expended by Mr. Rhine on this matter. Multiplying the number of hours times the hourly rate of $240 per hour, the court awards to respondent $32,700 in attorneys’ fees. In addition, the court awards $382.21 in expenses after deducting the monies paid for the trial transcript. As there is already an appeal filed in this case, the court believes that the cost of the transcript is an expense of the appeal. The prevailing party on appeal can apply to the Appellate Term for an award of fees and expenses for proceedings in that court.
The court has previously determined that the use and occupancy paid by respondent to petitioner without prejudice *491 pursuant to an order of Judge Alice Fisher Rubin should be returned to respondent. Accordingly, the court enters judgment in favor of respondent, William Norton, and against petitioner, 111 on 11 Realty Corp., in the sum of $76,216.21, representing $43,134 in previously paid use and occupancy, $32,700 in attorneys’ fees and $382.21 in litigation expenses incurred by respondent’s attorney.

. The court found the respondent tenant to be the prevailing party in its September 20, 2001 decision after trial.

. “The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the ‘undesirability’ of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.” (Hensley, 461 US at 430 n 3.)

. Respondent sought approximately $65,000 in fees in his attorneys’ fees application.