OPINION OF THE COURT
Richard F. Braun, J.
This is an interpleader action, pursuant to CPLR 1006. Plaintiff raises the issue sometimes faced by plaintiffs’ attorneys in personal injury actions of how to distribute funds received from a verdict or settlement where his or her client is *814 balking at paying the liens of medical providers. Plaintiff moves to direct defendants the Webster Apartments (Webster) and Aramark Services, Inc. (Aramark) to pay him $28,776.60, and that such sum be determined to be for his expenses, disbursements and compensation for his work, labor, and services performed, pursuant to Judiciary Law § 475; direct those defendants to pay $14,937.79 into court or an interest bearing account; direct that those defendants pay him from that sum all disbursements, costs, and fees incurred by him in this action, upon submission by him of an affirmation documenting the disbursements, costs and fees; direct that, after he receives payment, he be dismissed from this action and not required to appear for any further proceedings herein; and direct that, after defendants Webster and Aramark pay plaintiff and deposit money into court, those defendants be dismissed from this action and not have to appear further herein. Defendant Ara-mark cross-moves that it be permitted to pay into court $21,835.17, for an order directing the judgment clerk to issue a satisfaction of judgment to defendant Aramark, and that this interpleader action be dismissed, as well as any cross claims, against said defendant. Defendant Webster cross-moved for the same relief. That cross motion was denied by this court due to the nonappearance of defendant Webster at oral argument. Defendant Aramark and several other defendants appeared, but only defendant Aramark submitted papers in opposition to the motion. The only opposition to the motion pertains to whether some money should be paid by defendant Aramark to plaintiff, or all should be paid into court.
Plaintiff represented defendant Maria Chañas (Chañas) in an underlying personal injury action, Chanas v Webster Apts. (Sup Ct, NY County, Index No. 100076/96). She declined to negotiate a settlement and insisted on having a jury decide the action, as she of course had the right to do. The verdict was $50,000, with the jury apportioning liability at 40% for defendant Webster, 40% for defendant Aramark, and 20% for plaintiff. With postjudgment interest, the amount due to her on the judgment was $43,660.39 when defendants Webster and Aramark each sent plaintiff a check for approximately one half that amount. Defendant Chañas refused to endorse the checks in satisfaction of the judgment in the underlying action because she objected to medical liens of third parties who are defendants in this action. Plaintiff has attempted to resolve the liens but has been unable to do so.
An action of interpleader, pursuant to CPLR 1006 (a), is an appropriate way for plaintiff to proceed to have adjudicated the *815 competing claims (his, defendant Chañas’, and the defendants medical providers’) on the funds sent by defendants Webster and Aramark (cf. Eddis v Union Ry. Co. of N.Y., 34 NYS2d 218 [App Term, 1st Dept 1942] [where defendant was held to be entitled under a prior statute to an order of interpleader as to settlement proceeds of a personal injury action claimed by non-parties to the action to recover the proceeds]). Plaintiff has a charging lien for his attorney’s fees, pursuant to Judiciary Law § 475. Thus, he is entitled to an order that he be paid the money due him for his attorney’s fees and expenses from the underlying action (Matter of Lavenburg v Universal Sportwear, 198 Misc 318, 320 [Sup Ct, NY County 1950]). As defendants Webster and Aramark were each found in that action to be equally liable, each should pay him directly $14,361.30, which is one half of the total amount owed to him for representing defendant Chañas in the underlying action. That amount is $28,722.60, which is made up of $21,253.71 for his expenses and $7,468.89 for his attorney’s fees (one third of the net recovery after deduction of plaintiff’s expenses for prosecuting the underlying action on behalf of defendant Chañas). Once the $14,361.30 payments have been made by those defendants to plaintiff, then plaintiff is discharged from this action. The $14,937.79 balance due from the verdict plus interest should be paid into court, with defendants Webster and Aramark each paying half. After defendants Webster and Aramark pay to plaintiff and into court the aforesaid amounts, those defendants will be discharged from this action and need not appear at any further proceeding in this action.
Pursuant to CPLR 1006 (f), this court can award plaintiff his expenses, costs, and disbursements in this action, which can be taken from the subject matter of the action. However, plaintiff has not specified his expenses, costs, and attorney’s fees in this action. Plaintiff may tax to the clerk of the court his costs and disbursements in this action. Any other expenses, pursuant to CPLR 1006 (f), including attorney’s fees which are recoverable pursuant thereto (Fischbein, Badillo, Wagner v Tova Realty Co., 193 AD2d 442, 444-445 [1st Dept 1993]), will have to be itemized by plaintiff to the court. The amount of attorney’s fees to be awarded must be approved by the court (see Matter of First Natl. Bank of E. Islip v Brower, 42 NY2d 471, 474 [1977]), and plaintiff must justify to the court the amount of his attorney’s fees claim (see Jordan v Freeman, 40 AD2d 656 [1st Dept 1972]).
By this court’s separate decision and order, the aforesaid relief on the motion has been granted, and the cross motion by *816 defendant Aramark granted only to the limited extent stated below. Defendant Aramark should not pay $21,835.17 into court, as discussed above. CPLR 5020 (a) and (b) provide the procedure for execution of a satisfaction-piece. The relief that defendant Aramark seeks against the judgment clerk is premature and would have to be sought, if the judgment clerk acts improperly, by way of a CPLR article 78 proceeding. Pursuant to plaintiffs motion, defendant Aramark has already been granted a conditional discharge order by this court’s separate decision and order, as discussed above, and thus “dismissing” the action against said defendant is unnecessary (and CPLR 1006 [f] calls for a discharge, not dismissal). Any cross claims have been dismissed, upon default.