178 E. 70th St. LLC v Woodward (2024 NY Slip Op 51250(U))

[*1]

178 E. 70th St. LLC v Woodward

2024 NY Slip Op 51250(U)

Decided on September 11, 2024

Civil Court Of The City Of New York, New York County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 11, 2024
Civil Court of the City of New York, New York County

178 East 70th Street LLC, Petitioner(s), Landlord,

against
Carol Woodward, Respondent(s), Tenant, ZACHARY LEVY. Respondent(s), Undertenant.

Index No. L&T 92830/2009

Petitioner was represented by Bension DeFunis, Esq. of Judith M. Brener, Esq.'s Office (212) 265- 2171, and Respondent was represented by Darryl Vernon, Esq. of Vernon & Ginsburg (212) 949- -7300.

Frances A. Ortiz, J.

This is non-primary residence holdover [FN1]
brought in 2009 against the rent stabilized tenant of record, Carol Woodward. According to the after-trial decision of Judge Jean Schneider dated December 18, 2017, Ms. Woodward did not appear, "and the evidence at trial established conclusively that the apartment is not her primary residence." However, Zachary Levy, ("Mr. Levy") Ms. Woodward's son and the Respondent/Undertenant, herein, appeared asserting an affirmative defense of succession. Judge Schneider in her decision found that Mr. Levy was entitled to succeed to his mother's tenancy and dismissed the proceeding on the merits. The December 18, 2017, decision of Judge Schneider was affirmed on appeal. 178 E. 70th St. LLC v Woodward, 66 Misc 3d 151 (A) (AT 1st Dept't 2020).[FN2]
 Then, Petitioner sought before the Appellate Division, First Department leave to appeal Appellate Term's decision. The motion was denied per decision dated April 6, 2021. 178 E. 70th St. LLC v Woodward, 2021 NY Slip Op 64210(U), (1st Dep't 2021). Mr. Levy who is not an attorney, but an independent film maker, appeared mainly pro se throughout this fourteen (14) year proceeding. The only exception to his self-representation occurred at this attorney's fees hearing and before that when he was [*2]represented by counsel for a brief period and consulted with attorneys on limited matters. Specifically, Mr. Levy represented himself at the trial and at the appellate courts and navigated this complex process on his own. 
Now, Mr. Levy, as prevailing party under Real Property Law §234 and per this Court's decision and order dated, August 9, 2022, (NYSCEF Doc. 21) seeks attorney's fees and costs at a minimum amount of $62,310.95.
This Court held a four-day attorney's fees hearing in the above matter on November 22, 2022, May 5, 2023, September 22, 2023, and October 13, 2023. Thereafter, on May 8, 2024, the parties submitted post-hearing memorandum of law. (NYSCEF Doc. 32 — 45). Petitioner sought multiple requests to extend the time to submit the memorandum of law due to a back log in the court's citywide request for audio records and to transcribe the audio tapes. Counsel for Petitioner asserted that he needed to review the transcripts to prepare the memorandum of law. The Petitioner's requests for extensions were all granted over Respondent's objection. (NYSCEF Docs. 30 & 31). The initial deadline for submission of the memorandum of law - per decision and order - was January 10, 2024. (NYCEF Doc. 28).
On behalf of Mr. Levy there were four witnesses who testified, namely, David Frazer, Esq. ("Mr. Frazer"), Jose Torres, Esq. ("Mr. Torres"), Darryl Vernon, Esq. ("Mr. Vernon) and Mr. Levy, himself. There were least eighteen (18) documents admitted in evidence on behalf of the Respondent which include retainer agreements for Mr. Frazer and Mr. Vernon, attorney's fees invoice bills from Mr. Frazer, Mr. Torres and Mr. Vernon, biography of Mr. Vernon and co-counsel, Yoram Silagy, biography of Mr. Torres, American Express statements, other expense receipts and Mr. Levy's self-prepared spreadsheet of expenses/costs he incurred defending this case, from September 21, 2009 until May 5, 2023. Petitioner did not offer any testimonial or documentary evidence on its behalf. (See Respondent's 1 — 9, 17, 19, 75 & 79 in Evidence).
TESTIMONY
David Frazer testified that he represented Mr. Levy from December 7, 2009 to September 2011; that he is an attorney admitted to practice law in New York since 1986; that he has represented hundreds and hundreds of tenants; that his hourly rate charged to Mr. Levy was $375; that while he represented Mr. Levy he wrote and filed an answer for him; that he appeared in court and adjourned the case; that he conducted legal research concerning the changing case law; and that he conducted possible settlement discussions with opposing counsel. Mr. Frazier billed Mr. Levy a total of 16.70 hours which included postage expenses for a total of $6,005.13. Additionally, Mr. Frazer spent 1.4 hours during the hearing at his current rate of $475 per hour for an additional $665 which totals $6,720.13 ($6,055.13 plus $665). However, this Court will deduct $75 client phone fee billed on 11/30/2010. It appears to have been erroneously billed to Mr. Levy but was for another client of Mr. Frazer. (See Respondent's 7 in Evidence). As such, the legal fees owed by Mr. Levy to Mr. Frazer total $6,645.13.
Jose Torres testified that he provided legal consultation services to Mr. Levy from mid-2015 to the present; that he is an admitted attorney practicing law in New York State; that he provided 5.5 hours of pro bono counseling to Mr. Levy; that his hourly rate is $425; that he is very experienced in the area of landlord-tenant law and that he was a successful attorney who argued a landmark case before the Appellate Division. Lastly, Mr. Torres spent 2.3 hours during the fees hearing for a total of 7.8 hours which totals $3,315 ($2,337.50 plus $977.50).
Darryl Vernon testified that he is an admitted attorney in the State of New York; that he [*3]is a partner at the law firm of Vernon & Ginsburg LLP; that Mr. Levy consulted with him during the trial phase of this case for a period of 12.8 hours at a rate of $520 per hour; that he spent 1.4 pro bono hours reading Mr. Levy's appellate term briefs and preparing Mr. Levy for mock oral argument questions; that he represented Mr. Levy during the instant fees hearing; that through September 20, 2023 he billed Mr. Levy $28,561 in legal fees. (See Respondent's 79 in Evidence). Thereafter, in supporting documents to Respondent's Memorandum of Law, Mr. Vernon annexes an affirmation and invoice detailing the attorney's fees for October 2023. Those fees were $2,730 and $3,455 for post-hearing fees from December 12, 2023, through May 7, 2024 at an hourly rate of $650. As such, the fees billed by Mr. Vernon to Mr. Levy are a total $34,746 ($28, 561 plus $2,730 plus $3,455). (NYSCEF Doc. 45).
Mr. Levy credibly and meticulously testified as to every entry made in his spreadsheet regarding all the expenses/costs that he incurred defending this case from September 21, 2009 until May 5, 2023. (Respondent's 75 in Evidence). This Court allowed Mr. Levy to refer to the spreadsheet to refresh his memory [FN3]
as to each entry, since even for someone with such extraordinary memory as Mr. Levy,[FN4]
it is not possible to remember hundreds of entries without refreshing an individual's memory with a written entry. As such, there were hours of testimony from Mr. Levy detailing each entry.[FN5]
Petitioner had ample opportunity to voir dire Mr. Levy on the spreadsheet and cross examined him on every single entry. Ultimately, after such testimony from Mr. Levy, the Court over Petitioner's vigorous objection allowed the spreadsheet in evidence, as demonstrative evidence.[FN6]
Mr. Levy seeks a minimum of $8,342.82 in those expenses which include photocopying of documents necessary for the litigation, travel expenses, (i.e. subway - Metrocard fees, cab fares, Uber fees, bus fares), transcript request fees, mailing fees, notice of appeal fees, process server fees for subpoena, and purchase of research books. As such, Mr. Levy seeks $8,342.82 in costs alone.
Mr. Levy in supporting documents to his Memorandum of Law annexes an affidavit [*4]indicating that on December 12, 2023 he began researching and drafting the post memorandum of law, under the supervision of Mr. Vernon; that he worked on the memorandum in December 2023, early January, February, March, and April 2024; that he kept contemporaneous time records which totaled 163.2 hours as of May 7, 2024; that these hours included him listening twice to the audio tapes from the hearings which amounted to nearly 14 hours; that he researched often complicated case law and different statutes; that he felt that some of his research did not lead to useful results and as such he did not include that time on his logs; that he discussed a rate with Mr. Vernon for his time to be $80 per hour; that this work is similar to the $75 per hour charge Mr. Frazier had indicated in his retainer for non-attorney work back in 2009; and that to make sure his request for his research time is reasonable - he's reduced the time spent in his log from 163 hours to 50 hours - for a total of $4,000(50 hours times $80 per hour).
DISCUSSION
Petitioner in its post-hearing memorandum of law argues that Mr. Levy is not entitled to legal fee charges as a pro se litigant; that Mr. Levy has failed to support his claim for reimbursement expenses; that Mr. Levy is not entitled to reimbursement for the Hahn charge [FN7]
; that Mr. Levy seeks reimbursement for an unreasonable amount of legal fees because they are unreasonable in comparison with the community; that the time entries are vague and contain block filling; that Mr. Levy is not entitled to fees in connection with the fees hearing; that Mr. Levy is not entitled to the inflation adjusted value of his expenses; and that Mr. Levy if awarded legal fees, must have the pre-judgment interest accrue from the midpoint between the date the court found Mr. Levy was entitled to legal fees and the date of any judgment for legal fees issued.
Under RPL §234,
Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, . . . . . . there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as the result . . . . . . .or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease . . . . . .
Under the circumstances herein and pursuant to RPL §234, Mr. Levy is entitled to reimbursement of legal fees for the time he expended in defending himself in this proceeding as a pro se litigant. Attorney fees need not have been "actually incurred" to be within the ambit of RPL §234. Scotia Assocs. v. Bond, 126 Misc 2d 885, 484 N.Y.S.2d 479 (Civ. Ct. NY Cty 1985). The policy of RPL §234 is better served by such an interpretation. As the Court indicated in Holly v. Acree, 72 F.R.D. 115, 116 (D.D.C. 1976), aff'd sub nom. Holly v. Chasen, 569 F.2d 160 (D.C. Cir. 1977), under similar circumstances to Mr. Levy,
Barriers are removed and persons are encouraged to vindicate their..rights more by permitting them to recover fees for the time spent in the role of their own attorneys than by confining such awards to members of the bar. Moreover, when persons exercise their right to represent themselves before the bar of justice, they are in every sense functioning as attorneys: they do research, file pleadings, and advocate their cause. . . . . . . ..and no rational ground exists upon which to distinguish awards to such persons, who are functioning in an essentially pro se role, from persons such as plaintiff who also function in the role of attorney on their own behalves, merely because one happens to be member of the bar and the other does not. Such a distinction would be arbitrary . . . .
Therefore, an award of attorney's fees is not limited to members of the bar. A person who successfully represents himself may recover fees for time spent in his role as his own attorney. Crooker v. U.S. Department of the Treasury, 663 F.2d 140, 141 (D.C. Cir. 1980). Here, Mr. Levy performed hours and hours of research, filed pleadings at both the trial and appellate levels, successfully represented himself at the lower court trial and at the appellate courts, and wrote his own post-attorney's fees hearing memorandum of law. As such, no rational basis exists to distinguish an award of attorney's fees to Petitioner's counsel because she is a member of the bar and Mr. Levy is not. This distinction would certainly be arbitrary, especially when the quality of work done by Mr. Levy was equal or at times superior to that of an admitted attorney.
The hourly rate of $80 sought by Mr. Levy who is a non-attorney but whose work can be compared to that of a paralegal is reasonable. A reasonable hourly rate for work of paralegals and interns is $85. S.B.H. Realty v. Santana, 57 Misc 3d 1205(A) (Bronx, Civ. Ct. 2017); Hing v. Abreu (2016 NY Misc. LEXIS 4889, 2016 NY Slip Op 32615[U][Civ Ct Qns Co 2016]). The "reasonable attorney's fee" provided for by statute should compensate the work of paralegals, as well as that of attorneys. Missouri v. Jenkins by Agyei, 491 U.S. 274, 285, (1989).
Mr. Levy seeks total of $4,000(50 hours times $80 per hour) for his time spent researching and drafting the post-hearing memorandum of law. This charge is beyond reasonable. It is a bargain. Darryl Vernon states that had his firm prepared the memorandum of law it would have billed Mr. Levy anywhere from $15,000 to $20,000. (Vernon Affirm ¶3/ NYSCEF Doc. 45).
Moreover, upon a review of Respondent's 75 in Evidence (spreadsheet of costs) Mr. Levy pursuant to RPL §234 is entitled to $4,438.87 in expenses for photocopying of documents necessary for the litigation, travel expenses, (i.e. subway - MetroCard fees, cab fares, Uber fees, bus fares), transcript request fees, mailing fees, notice of appeal fees, process server fees for subpoena, and purchase of research books. This amount does not include the $2,400 billed on August 2, 2022, for Eric Hahn. This $2,400 is deducted from the costs sought by Mr. Levy without prejudice to seek in a plenary action. This is not a legal expense. Additionally, this Court declines to award Mr. Levy's request for cost inflation adjustments pursuant to the Consumer Price Index (CPI) rate. Pre-judgment interest will address the issue of inflation by making the aggrieved party such as Mr. Levy whole. The purpose of pre-judgment interest is to compensate parties for the loss of the use of money they were entitled to receive, considering the time value of money. Kassis v. Teachers' Ins. & Annuity Ass'n, 13 AD3d 165 (1st Dep't 2004). As such, the adjusted Consumer Price Index (CPI) rate is not available to Mr. Levy for his [*5]expenses. Lastly, this Court also deducted costs for duplicative legal fees [FN8]
in the spreadsheet from the $8,342.82 sought and finds a total of $4,438.87 in expenses.
Courts have the discretion to determine the reasonableness of attorney's fees. Factors considered in determining the value of legal services are the nature and extent of the services rendered, actual time spent, the necessity of the service, nature of issues involved, professional standing of the counsel and the results achieved. Jordan v. Freeman, 40 AD2d 656 (1st Dep't 1972). 
Client interviewing, writing of motions, memorandum, reply papers, research, appeals, review of transcriptions, replying to email inquiries, court appearances and preparation for a hearing are all within the standard nature of legal practice. Here, these were necessary tasks for the issues involved in this complex and lengthy litigation.
The hourly rates charged by Mr. Levy's attorneys are reasonable in comparison with the rest of the community. An hourly rate ranging from $375 to $650 for Mr. Frazer, Mr. Torres, or Mr. Vernon at their level of experience in real estate and housing law and years of practice is reasonable. All these attorneys are either partners in law firms or solo practitioners with advanced experience. This Court has presided over many landlord-tenant related attorney's fees hearing and found that those rates are reasonable for the level of experience. 
The time entries submitted by Mr. Levy's attorneys are not vague and do not constitute improper block-billing. Block-billing is referred to as mixed entries in a billing statement or lumping together of work tasks which may make it difficult for a court to allocate time to individual activities in order to gauge the reasonableness of time spent on each activity. RMP Cap., Corp. v. Victory Jet, LLC, 40 Misc 3d 1243(A) (Sup.Ct. Suffolk Cty 2013), aff'd as modified, 139 AD3d 836 (2nd Dep't 2016). Block-billing is common practice among law firms and does not render invoice amounts per se unreasonable. 546—552 W. 146th St. LLC v. Arfa, 99 AD3d 117 (1st Dept.2012). On the contrary, here, the entries were sufficiently described and did not contain improper block-billing. Additionally, Mr. Frazer, Mr. Torres and Mr. Vernon at the hearing provided credible testimony detailing the time entries. Freidman v. Yakov, 138 AD3d 554 (1st Dep't 2016).
Further, Mr. Levy is entitled to fees in connection with this attorney's fees hearing, also known as "fees on fees." A prevailing party may recover "fees on fees." The rationale is that a prevailing party should be compensated for time spent litigating its entitlement to the value of the attorney's services. Ross v. Congregation B'Nai Abraham Mordechai, 12 Misc 3d 559 (NY Cty Civ. Ct. 2006); Kumble v. Windsor Plaza Comp., 161 AD2d 259 (1st Dep't. 1990). This attorney's fees hearing lasted four days. The parties submitted and prepared voluminous post-hearing memorandum of law and thousands of pages of transcripts. All of these matters warranted the hours of preparation submitted by Mr. Levy to demonstrate his entitlement to such fees.
Lastly, Mr. Levy is entitled to pre-judgment interest from December 18, 2017, the date of Judge Jean Schneider's decision dismissing the proceeding on the merits and determining that Mr. Levy was a successor tenant to his mother's tenancy. The entitlement to interest accrues from the date Mr. Levy prevailed in the underlying proceeding. Ross v. Congregation B'Nai [*6]Abraham Mordechai, supra.; 119 Fifth Ave. Corp. v. Berkhout, 135 Misc 2d 773, 774 (NY Cty, Civ. Ct. 1987); CPLR §5001(a);(b); CPLR §5004 (a). 
After a careful review of the exhibits and the credible testimony of the witnesses at the hearing, the Court finds as follows:
Mr. Frazer, Mr. Torres, and Mr. Vernon are attorneys admitted to practice law in New York State with years of experience in civil litigation concentrating in real estate and housing matters. They credibly testified regarding all legal work performed in this matter. Those who performed work on this matter either conducted research, drafted pleadings and motions, met, corresponded with Mr. Levy, and appeared in court. Specifically, Mr. Vernon conducted the instant hearing. These were integral and reasonable responsibilities necessary to defend Mr. Levy's ultimately successful case outcome. Based on the above credentials of Mr. Frazer, Mr. Torres and Mr. Vernon, the hourly rates ranging from $375 to $650 beginning in 2009 through 2024 is a generally accepted and reasonable hourly rate for similarly experienced landlord-tenant practitioners. As such, this Court finds the hourly rates sought herein are reasonable. Lastly, the actual time spent also appears reasonable to the Court for a case that has endured fourteen years of litigation, appeared before more than ten judges, involved several appeals before the appellate courts, a return to the trial court for an attorney's fees hearings and submission of post-hearing memorandum of law.
Accordingly, Mr. Levy is entitled to an award of $48,706.13 [FN9]
in attorney's fees plus $4,438.87 in costs/expenses for a grand total of $53,145.
ORDERED: The clerk is directed to enter a judgment in favor of Respondent, Zachary Levy, and against Petitioner for $53,145 plus pre-judgment interest from December 18, 2017, and to be calculated by the clerk.
This is the decision and order of the Court which will be uploaded to NYSCEF.
Dated: September 11, 2024
New York, NY
Frances A. Ortiz, J.H.C.

Footnotes

Footnote 1:Caption was corrected to read "178 not "170 East 70th Street LLC."

Footnote 2:This was a very significant appellate decision as it relates to succession claims in a rent stabilized unit. The Appellate Term agreed with Judge Schneider that the matter was distinguishable from Third Lenox Terrace Assoc. v Edwards (91 AD3d 532 [1st Dep't 2012]) in view of her findings that Ms. Woodward and Mr. Levy repeatedly and timely notified Petitioner, both orally and in writing, that she had vacated. Mr. Levy sought a renewal lease in his name, and Petitioner failed to respond to the request.

Footnote 3:A witness may refer to any written memorandum or entry, to refresh his memory, if he can afterwards swear to the facts from his own recollection. Huff v. Bennett, 6 NY 337 (1852).

Footnote 4:Mr. Levy possesses an exceptional ability to remember occurrences at minute level of detail in comparison to an "ordinary" person.

Footnote 5:Petitioner's counsel had an option to consent to the admissibility of the spreadsheet subject to cross examination. This would have lessened Mr. Levy's billable hours. However, counsel objected to the testimony of each entry by Mr. Levy. This resulted in a litany of foundational questions to refresh Mr. Levy's memory for each entry.

Footnote 6:Respondent cites to Court of Appeals decision, Howard v. McDonough, 77 NY 592, 593 (1879) to support this Court's evidentiary ruling on the admissibility of his testimony based on the refreshing of memory and the actual spreadsheet document as demonstrative evidence. In Howard v. McDonough, supra., the Court held that a trial court may in its discretion require the witness to testify to each item separately or may allow him to testify generally to the items and their values and admit the memorandum or written documents as the detailed result of the examination.

Footnote 7:Mr. Levy testified that he paid Mr. Hahn -a film editor- $2,400 to perform work for him. Per Mr. Levy, he could not prepare for his August 1, 2022, court appearance, if he had to work on August 2, 2022, so he paid Mr. Hahn to replace him.

Footnote 8:The spreadsheet included legal fees for Mr. Frazer, Mr. Torres, and Mr. Vernon which this Court is itemizing separately, under the attorney's fees calculation.

Footnote 9:$6,645.13 for Mr. Frazer's fees, $3,315 for Mr. Torres' fees, $34,746 for Mr. Vernon's fees and $4,000 for Mr. Levy's fees.